LOUIS SEIFFER v. McLEAN & EGGERS ET AL.

No. 309.

1. **Statutory Penalties—Prescribed for Whom.**—The statutory penalty of $500 for an infraction of a liquor bond, where the breach of the bond consisted in permitting games of chance, to wit, faro, roulette, and craps, to be played in the said place of business, was not prescribed for the benefit of persons whose grievance could not have arisen except by their violation of law.

2. **Same—Civil Action Maintainable, When.**—The civil action in such cases is maintainable when, and only when, the person complaining is of a class entitled to take advantage of the law, is a sufferer from the disobedience, and himself not a partaker in the wrong of which he complains, or is not otherwise precluded by the principles of the common law from his proper standing in court, and the court will not lend themselves to the task of repairing an injury which has been the result of a guilty participation in the violation of its laws.

3. **Same—General Rule Applicable.**—The general rule applicable in such cases may be found expressed in the maxim, that "no man can make his own misconduct the ground for an action in his own favor." If he suffers because of his own wrongdoing, the law will not relieve him, as the law can not recognize equities arising from a wrong in favor of one concerned in committing it.

4. **Statute Law—How Violated.**—There must be some cause of grievance accrue to the person asking for the penalty, arising directly and proximately from the breach of the stipulations of the liquor bond, and not that arising from some intervening cause growing out of the criminal act of the person desiring the penalty.

APPEAL from El Paso. Tried below before Hon. T. E. HUNTER.

*Wilcox & Merchant,* for appellant.—The right of action upon a liquor dealer's bond being given by law to any person who may be aggrieved by violation of either of its conditions, the petition simply charging a breach of one of its conditions is sufficient, and shows a good cause of action. Rev. Stats., art. 3226a, sec. 4; Goldstick v. Ford, 62 Texas, 389, 390; McCue v. Klein, 60 Texas, 168; Cool. on Torts, 163; McGuire v. Glass, 15 S. W. Rep., 127.

*Leigh Clark,* for appellees.—It appearing from plaintiff's petition that his cause of action was based upon his own violation of law, that

he engaged with the defendants in violating the penal statutes of the State, it shows no right of action in plaintiff against defendants, and the petition was therefore properly dismissed. Cool. on Torts, 150, 151, 163, 172–174, 187; Bish. on Non-Con. Law, p. 22, secs. 54, 140, 141, 458, 460; Greenw. on Pub. Pol., 42, 220, 226; 3 Am. and Eng. Encyc. of Law, sec. 6, pp. 169, 170.

FLY, ASSOCIATE JUSTICE.—This appeal is from a judgment sustaining exceptions to the petition and dismissing the suit. The suit was brought by appellant to recover the statutory penalty of $500 for an infraction of a liquor bond, by which appellant was aggrieved and injured.

The alleged breach of the bond consisted in permitting games of chance, to wit, faro, roulette, and craps, to be played in the place of business of appellees, and appellant was aggrieved by going into the saloon and playing at faro until he lost the sum of $325. The suit is not one for the damages accruing by reason of the loss of the money, but is for the statutory penalty, under section 4 of article 3226a, Sayles' Statutes, which provides, that the bond given by the liquor dealer "may be sued on at the instance of any person or persons aggrieved by the violation of its provisions, and such person shall be entitled to recover the sum of $500 as liquidated damages for each infraction of the conditions of such bond." Appellant was a violator of the law when he played at the game of faro, and his grievance arose not from the fact that the game was permitted in the saloon, but from the fact that he participated in the violation of the law. Permitting the game in the house is the gist of the infraction of the bond and the violation of the law, and it is very certain that appellant did not feel at all injured by the game being in full blast, and it was only after his guilty connection with the game and the loss of his money that he feels sorely aggrieved. The statutory penalty was not prescribed for the benefit of persons whose grievance could not have arisen except by their violation of law. As clearly expressed by Mr. Bishop in his admirable work on Non-Contract Law, section 141: "The civil action is maintainable when, and only when, the person complaining is of a class entitled to take advantage of the law, is a sufferer from the disobedience, is himself not a partaker in the wrong of which he complains, or is not otherwise precluded by the principles of the common law from his proper standing in court." The courts will not lend themselves to the task of repairing an injury which has been the result of a guilty participation in a violation of its laws. If appellees had violated the law by permitting the game to be played, appellant had ratified the violation by assisting in it. "The general rule may be found expressed in the maxim, that no man can make his own misconduct the ground for an action in his own favor. If he suffers be-

cause of his own wrongdoing, the law will not relieve him. The law can not recognize equities as springing from a wrong in favor of one concerned in committing it." Cool. on Torts, p. 167. The reasons given by Judge Cooley why redress will not be given to one whose cause of action arises from an unlawful act in which he participated are as follows: "The State, from a consideration of its own pecuniary interests, and of the interests of other litigants, may wisely refuse in adjusting equities between persons who have been engaged in unlawful action. The expense of administering justice is always a large item in the State's expenditures, and one which must be borne by the common contributions of the people. Where one has suffered from participation in an unlawful undertaking, what justice can there be in any demand on his part that the State shall supply courts and officers and incur expenses to indemnify him against a loss he has encountered through a disregard of its laws? Here the question is not merely one of what is right as between himself and his associates, but what is best for the interest of the State." Cool. on Torts, p. 172.

It has been held in this State that the statutory penalty for permitting minors to remain in a saloon could be recovered, even though the parents consented to it. This is not parallel with the case we are considering. It is not a violation of law for the parent to consent that his child remain in a saloon, or that liquor be sold or given to him. There is no instance in our State in which a party who has been a guilty participant in a crime can recover a statutory penalty for the crime in which he assisted. The case of McCue v. Klein, 60 Texas, 168, cited by appellant, is not in point. In that case the wife sued for damages for the death of her husband, caused by drinking a large amount of liquor on a wager. It will be seen that the wife brought the suit, and the death was caused by forcing the man to drink the liquor after he was so intoxicated as to have lost all self-control. The case turned on the rule, that consent to an assault is no justification. The man violated no statute law by drinking the excessive amount of liquor. There must some cause of grievance accrue to the person asking for the penalty, arising directly and proximately from the breach of the stipulations of the liquor bond, and not that arising from some intervening cause growing out of the criminal act of the person desiring the penalty.

There was no error in the judgment of the County Court, and it is affirmed.

*Affirmed.*

Delivered April 18, 1894.