## BREMBER *v.* JONES.

To recover damages for a collision upon the highway, the defendant's carriage being upon the wrong side of the road, the plaintiff must show that the collision could not have been avoided by the exercise of ordinary care on his part.

The fact that the defendant's carriage was upon the wrong side of the way was evidence tending to show that he was in fault, but is not conclusive.

*Charles E. Cochran* and *James F. Briggs*, for the plaintiff.

*William Little*, for the defendant.

CASE, for injuries to the plaintiff's person and carriage.    Facts found by the court.    September 13, 1889, the plaintiff was riding in a top four-wheeled buggy, and the defendant in an open express wagon, upon Elm street in Manchester.    At a point about midway between Prospect and Harrison streets their carriages collided.    The plaintiff's carriage and harness were broken, and his person slightly injured.    At the place of collision the carriageway is sixty-eight feet wide.    The surface of the road-bed is level, and is paved with granite blocks.    A double-track street railway occupies the centre of the street, the tracks being three feet in width and four feet apart.    The distance from the most easterly rail to the easterly sidewalk is twenty-seven feet, or twenty-four feet to a line of trees standing on the easterly side of the street.    The plaintiff was travelling north and the defendant south, on the easterly side of the street railway tracks, the plaintiff being the nearer to the sidewalk and the defendant the

nearer to the railway track.    The plaintiff claimed that the col-
lision was caused by the defendant's negligence other than by his
travelling on the easterly side of the centre of the highway.    The
defendant claimed that the collision was caused by the plaintiff's
negligence.    Upon both these issues there was no preponderance
of evidence in favor of the plaintiff.    The accident would not
have happened if the defendant had travelled on the westerly
half of the highway.    If, as a matter of law, the defendant is
liable because he did not turn seasonably to the right of the cen-
tre of the highway, the plaintiff's damages are assessed at $100.

CLARK, J.    The statute establishing the law of the road goes
no further than to prescribe the duties and regulate the rights of
travellers "in meeting and passing each other with carriages and
vehicles, and leaves their rights and liabilities in all other par-
ticulars unaltered, and to be regulated and determined by the
principles of the common law.    Ordinarily, if one traveller in meet-
ing another be found upon the half of the way appointed to him
by the statute, travelling with ordinary care and prudence, and he
sustain an injury by a collision with the vehicle of another who
is upon that part of the way to which he has not the statutory
right, the individual who has thus sustained the injury may have
redress by action against him who was thus on the part of the
way to which the statute did not give him the right.    The trav-
eller who thus travels prudently and carefully upon the half of
the way assigned to him, will ordinarily pass at the hazard and
risk of him who trenches upon his rights in the manner stated.
.   .   .    It is legal negligence in any one thus to occupy the half
of the way appropriated by law to others having occasion to use
it in travelling with teams and carriages, and he is chargeable for
any injury flowing exclusively from that cause.   .   .   .    If care-
lessness or negligence be shown on the part of him who may have
sustained an injury and who seeks redress, and which has in some
measure more or less contributed to the injurious result, in such
case it would seem unreasonable to allow a recovery for the dam-
age sustained.    It would allow a party to profit by his own neg-
ligence or wrong.    In order to entitle himself to redress for inju-
ries sustained in passing others on highways, the traveller must
himself be faultless ; he must not be found invading the rights of
others at the time, nor to have contributed to his own injury, in
any degree, by reason of his own carelessness or negligence.    Care-
lessness on the part of the injured party, contributing to the
injury, would forbid the legal conclusion that would otherwise
result, of a right of redress for the injury sustained."    *Brooks* v.
*Hart,* 14 N. H. 307, 311, 312.

It is not enough to entitle the plaintiff to damages to show
merely that the defendant was travelling in violation of the law
of the road at the time of the injury.    To maintain his action

the plaintiff must establish two propositions,—(1) that the collision was the result of the defendant's negligence, and (2) his own inability to avoid it by the exercise of ordinary care. This he has failed to do. The case finds that there was no preponderance of evidence in favor of the plaintiff upon the issue whether the collision was caused by the negligence of the plaintiff, or, in other words, whether the plaintiff could have avoided the collision by the exercise of ordinary care. It does not appear, therefore, that the collision was not due to the plaintiff's negligence, notwithstanding the defendant was on the wrong side of the road.

If the defendant was guilty of legal negligence in not turning to the right of the centre of the highway, which we do not decide, it was, nevertheless, the duty of the plaintiff to exercise ordinary care to avoid a collision. "To warrant a recovery where both parties are present at the time of the injury, as well as in other cases, ability on the part of the defendant must concur with non-ability on the part of the plaintiff to prevent it by ordinary care. Their duty to exercise this degree of care is equal and reciprocal; neither is exonerated from his obligation by the present or previous misconduct of the other. The law no more holds one responsible for an unavoidable, or justifies an avoidable, injury to the person of one who carelessly exposes himself to danger, than to his property, similarly situated in his absence. He who cannot prevent an injury negligently inflicted upon his person or property by an intelligent agent, 'present and acting at the time' (*State* v. *Manchester & Lawrence Railroad*, 52 N. H. 528, 537, *White* v. *Winnisimmet Co.*, 7 Cush. 155, 157, *Robinson* v. *Cone*, 22 Vt. 213), is legally without fault, and it is immaterial whether his inability results from his absence, previous negligence, or other cause. On the other hand, his neglect to prevent it, if he can, is the sole or coöperating cause of the injury. No one can justly complain of another's negligence, which, but for his own wrongful interposition, would be harmless. *Parker* v. *Adams*, 12 Met. 415." *Nashua Iron and Steel Co.* v. *Railroad*, 62 N. H. 159, 163.

No negligence on the part of the defendant is shown other than the legal negligence of not seasonably turning to the right of the centre of the highway. Whether the defendant's legal negligence in violating the law of the road rendered him liable to the plaintiff in damages depends upon the determination of the question whether the injury could or could not have been avoided by the exercise of ordinary care by the plaintiff, whether it was or was not the legal cause of the injury. The fact that the defendant was violating the law of the road does not as matter of law warrant a recovery by the plaintiff. *Damon* v. *Scituate*, 119 Mass. 66, 68. If the parties were reversed, and the defendant were seeking damages from the plaintiff, the defendant's legal negligence in disregarding the statute would not necessarily and as matter of law defeat a recovery. *Steele* v. *Burkhardt*, 104 Mass.

59 ; *Spofford* v. *Harlow*, 3 Allen 176.   The question would still
be,  Whose fault caused the collision?  *State* v. *Manchester & Law-
rence Railroad*, 52 N. H. 528, 557.   The fact that a party was
acting in violation of law when an injury was done to his person
or property by the wrongful act of another does not deprive him
of his action for damages unless the injury resulted from the
unlawful act.   *Woodman* v. *Hubbard*, 25 N. H. 67 ; *Norris* v.
*Litchfield*, 35 N. H. 271, 277 ; *Nutt* v. *Manchester*, 58 N. H. 226 ;
*Sewell* v. *Webster*, 59 N. H. 586 ; *Wentworth* v. *Jefferson*, 60 N. H.
158 ; *Lyons* v. *Child*, 61 N. H. 72 ; *Welch* v. *Wesson*, 6 Gray 505.

The statute required the defendant seasonably to turn to the
right of the centre of the travelled part of the road, so as to enable
the plaintiff " to pass with his vehicle without interference."
G. L., c. 75, s. 11.   As the street at the place of the collision was
of ample width to allow the plaintiff to pass the defendant's team
without interference, it is apparent that the defendant's failure to
turn to the right of the centre of the highway was not the legal
cause of the collision.

*Judgment for the defendant.*

SMITH, J., did not sit : the others concurred.