KRAMER v. GILLE et al.

(Circuit Court, W. D. Missouri. September 11, 1905.)

1. PLEADING—AMENDMENT—STATING DIFFERENT CAUSE OF ACTION—TEST.

A petition filed in a state court by the receiver of a corporation alleged that defendants, who were stockholders and directors of the corporation, at a time when it was insolvent sold their stock to it at par value for cash in fraud of its creditors, and sought to recover the sum so received by defendants. The cause, having been removed into the federal court, on motion of plaintiff was transferred to the equity docket, and he was given leave to recast his petition to conform to the rules of equity pleading. Under such order he filed a so-called amended bill, alleging that defendants exchanged their stock for a stock of goods of a stated value, which was owned by the corporation, but stood in the name of another. *Held*, that such bill would be stricken from the files, because it was not an amendment of the original pleading, nor within the leave given, but stated a different cause of action, since the measure of damages was not the same under the two, nor would they be sustained by the same evidence.

2. LIMITATION OF ACTIONS—PLEADING—SUFFICIENCY.

A pleading stating a cause of action based on fraud, which as alleged occurred so long prior to the filing of the pleading as to be barred by limitation, is insufficient, where it does not allege when the fraud was discovered, nor plead facts showing diligence necessary to remove the bar of the statute.

In Equity. On motion to strike amended bill from the files.

I. N. Watson, for plaintiff.

R. H. Field, for defendants.

McPHERSON, District Judge. The defendants have presented a motion to strike from the files an amended bill. In the state circuit court, March 28, 1903, plaintiff filed his petition. The cause of action therein pleaded is to the effect that the corporation of which plaintiff is receiver was engaged in the mercantile business. In January, 1899, the defendants owned stock of the corporation of the face value of $50,-000 and were also directors. At that date the defendants and others of the directors entered into an agreement by which the corporation took the stock of defendants, and the defendants received therefor $50,-000 in money from the treasury; they knowing that the company was in debt and financially embarrassed, and without sufficient assets to pay the creditors. In due time the defendants removed the case to this court, and the clerk placed the same on the law docket. May 26, 1905, on motion of plaintiff, it was ordered that the case be transferred to the equity docket, and plaintiff be given leave by July rule day to recast his pleading, so that such pleading would conform to the rules and practice in equity. No other leave or order has at any time been granted plaintiff to amend. June 14, 1905, plaintiff filed an amended bill, the pleading now assailed. The allegations thereof are that in 1899 the corporation placed a stock of goods in a branch storeroom, separate from where its principal business was conducted. The business was conducted at this separate place in the name of Evans Manufacturing Company. In December, 1899, the defendants traded their shares of stock by an agreement with some of the directors; they receiving therefor the so-called Evans goods of the value of $50,000, well

knowing of the debts of the company and that the corporation could not pay its creditors in full.

The question now arises whether this pleading is an amendment to the original petition or complaint, or whether it is a substituted complaint, setting up a new cause of action, but under the guise of the order allowing a recasting of the pleading in the form of a bill in equity. That it is in such form is conceded; but, if it sets up a new cause of action, then it is barred by the statute of limitations. The allegations show that the surrender of their capital stock at the face value of $50,000, but stock worth less than par, for goods of $50,000 in value, was a fraud on the creditors. But the amended bill does not allege when the fraud was discovered, although it was, of course, known by the directors and general officers the day of the transaction, more than five years prior to filing the amended bill. And, if the creditors alone are represented by the receiver, there are no allegations when they discovered the alleged fraud. And, if there were such an allegation, it would not suffice, because, under cases like that of Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807, a plaintiff, to take a case from the statute, must affirmatively show that not only was the fraud discovered within the statutory period, but he must plead the facts showing diligence and freedom from negligence in his efforts to uncover the fraud within the statutory period. This is required, so the court may know whether the fraud was concealed by defendants, and so that the court may determine whether the fraud could have been timely discovered. There are no such allegations in the amended bill, and without them the alleged cause of action, if it be separate from that pleaded in the original complaint, is barred.

Is a separate cause of action pleaded? The tests are, would the same evidence sustain the two bills? and is the measure of damages the same? Under the first pleading money was taken, and the only evidence required would be as to that fact. Money, of course, is worth its face, and evidence of its value would not be heard. Goods fluctuate in value, and witnesses differ in opinion; and evidence of value would be required, and a finding would have to be made. So that a material difference as to the measure of damages is presented. But, aside from that question, the evidence would be quite different. Under the one pleading, which would be established by the production of checks or drafts of the corporation, with indorsements thereon, and the books of the bank showing their payment, or proof that actual money was taken from the till or money box of the corporation, and, however the money was taken, proofs would be required that it was in payment for the defendant's shares of stock. But entirely different evidence would be required under the amended bill. Proofs would be required that defendants took the stock of goods in the branch house. Evidence would be required that the Evans stock was owned by the original corporation, and that the ownership and indebtedness of the two concerns were one and the same; the creditors of both having like rights. Then there would be the question as to the value when appropriated. The cases may be akin, but, like many relatives, not at all alike. The following cases hold that the two tests are as to whether the measure of damages under the two pleadings is the same, and

whether the same evidence will sustain the allegations of the two pleadings. Nugent v. Circuit Judge, 53 N. W. 620, 93 Mich. 462; Schwartz v. Stock, 65 Pac. 357, 28 Nev. 155; Hamilton v. Thirston, 51 Atl. 42, 94 Md. 253; Ela v. Ela, 158 Mass. 54, 32 N. E. 957; Van de Haar v. Van Domseler, 56 Iowa, 671, 10 N. W. 227; Railroad v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983; Box v. Railroad, 107 Iowa, 660, 78 N. W. 694; Whalen v. Gordon, 95 Fed. 305, 37 C. C. A. 70.

Leave of court was given to, recast the pleadings; but leave was not given to state a new and distinct cause of action, as has been attempted. It could not avail complainant to allow it to remain on file, because it would be vulnerable to a demurrer. As the evidence under and sufficient to support the first pleading would not support the allegations of the amendment, and as a different measure of damages would arise, I hold that the second pleading is not an amendment, and should be stricken from the files; and it is so ordered.