CHARLES ELROD, *Appellee,* v. THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, *Appellant.*

No. 16,913.

### HEADNOTE BY THE REPORTER.

LIMITATION OF ACTIONS—*Amendment of Petition.* Where a petition did not even inferentially charge a specific act of negligence the pleading could not be amended to charge such negligence after the statute of limitations barred a recovery thereon.

Appeal from Cherokee district court. Opinion filed March 11, 1911. Reversed.

*R. R. Vermilion,* for the appellant.

*A. L. Majors,* and *S. C. Westcott,* for the appellee.

*Per Curiam:* As stated in the opinion rendered on the former appeal, there was no reference in the petition to any failure on the part of the company to light the depot platform. (*Railroad Co. v. Elrod,* 78 Kan. 868.) If negligence in that respect had been imperfectly or even inferentially charged, the court would have treated the petition as amended to conform to the proof and would not have reversed the first judgment. In all the cases relied upon by the appellee there was something in the pleading to amend by. Here there was nothing of that kind, and a new ground of liability could not be introduced and asserted after the statute of limitations had run against it.

It is not necessary now, as it was not on the former appeal, to consider errors relating to other subjects. A trial based upon the petition must first occur.

The judgment of the district court is reversed, with direction to strike the amendment from the petition.