## DELAWARE & HUDSON CO. v. JENNINGS et al. (two cases).

### Nos. 4921, 4933.

Circuit Court of Appeals, Third Circuit.

March 28, 1933.

Paul Bedford, of Wilkes Barre, Pa. (Joseph Rosch, of Albany, N. Y., and H. T. Newcomb, of New York City, of counsel), for appellant.

John V. Horan, of Philadelphia, Pa. (Robert M. Bernstein, of Philadelphia, Pa., of counsel), for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

The suit was brought by parents of a boy as his next friends and in their own right to recover damages for personal injuries which he sustained when passing over tracks of the defendant railroad company. There was a judgment on two verdicts; one for the boy, the other for the parents. The defendant took two appeals. Both are based on the same assignments of error which, when read together, raise the single question of law, whether the trial court erred in refusing the defendant a directed verdict on the ground that the statement of claim set up a new cause of action by amendment after the running of the statute of limitations in that it alleged the boy was injured at a place different from the place alleged in the original pleading and, accordingly, imposed upon the defendant a different and a higher duty of care.

The vicinity of the accident, distinguished from the place of the accident, is Stevens Point, Pennsylvania. This is a straggling village situated on the convex side of a curve of the railroad 1133 feet long, known as Curve 16, extending in a northerly and southerly direction. There being no streets, houses border the State Highway which runs parallel with the tracks and after an abrupt turn crosses the railroad at about the center of the curve—the only grade crossing thereabouts. Some place on the curve young Jennings was hurt.

The plaintiffs by their original statement of claim designated the place thus: The said minor plaintiff was run into by a train while "walking in close proximity to the railroad tracks of the defendant at a point near the said Stevens Point * * *." As that might mean any place on the curve—the place being important because it would show whether the boy was a trespasser or wayfarer—the defendant obtained a rule for a more specific statement of claim in response to which the plaintiffs by their (first) amended statement, filed within the statutory period, alleged that: "The minor plaintiff * * * was lawfully in the act of crossing the tracks of the defendant company from the west to the east side at or near a point known as

Curve 16, in Stevens Point, Pennsylvania, more particularly a point opposite the Stevens Point postoffice."

On this pleading the case went to trial. It appeared from the evidence that the postoffice is situated on the easterly side of the highway, facing the tracks westwardly. The highway grade crossing is 500 or 600 feet almost due north of the postoffice. The plaintiffs' case was to the effect that the boy, though playing, was lawfully on the tracks at the crossing and suffered injuries because of the defendant's failure to give him timely warning of the approach of the train. The defendant's case placed the boy where his own pleading had placed him, 500 feet south of the crossing, opposite the postoffice, and tended to show that the boy, being unlawfully at play on its right of way, was a trespasser. After verdict for the plaintiffs, the learned trial court, observing that the plaintiffs by their first amended statement of claim had put the accident opposite the postoffice and by their proofs had put it at the crossing which is in another direction from the postoffice and 500 feet away, granted a new trial on the ground of variance between the allegata and probata. Although the two-year statute of limitations had run, the plaintiffs by a second amended statement definitely placed the accident at the grade crossing in these words: "The minor plaintiff was lawfully attempting to cross the tracks of the defendant company, in the · illage of Stevens Point, Pennsylvania, at a public crossing known as the State Highway crossing, which said crossing crosses the tracks of the defendant company at a point 500 or 600 feet north of the Stevens Point postoffice."

On this second amended pleading the case again went to trial, in which there was the same conflict of evidence as to the place of the accident, raising the same difference as to the defendant's duty of care and caution. The court refused the defendant's motion for a directed verdict and after verdicts for the plaintiffs refused a new trial on a holding that the second amended pleading did not set up a new ground of action as to place and duty because it was but a clarification of the first amended pleading, which, having alleged that the boy "was lawfully in the act of crossing the tracks," showed that he must have been on the highway as that is the only place he could "lawfully" cross.

Thus the situation becomes a little awkward. The learned court granted a new trial after the first verdict because of variance between the plaintiffs' proof that the accident occurred at the crossing and their allegation in the first amended pleading that it occurred opposite the postoffice. After the second verdict the learned court refused a new trial on holding that the second amended pleading did not set up a new ground of action because the first amended pleading, though designating the accident opposite the postoffice, could be construed as placing it at the crossing. Thus the first amended pleading has been given different, and opposite, interpretations. We think it means the same thing all the time. It follows necessarily that the learned trial court, in the stress of the controversy, fell into error either in granting a new trial after the first verdict or in refusing a new trial after the second.

We are· constrained to hold that the plaintiffs' designation of the place of the accident by the first amendment, giving it all latitude possible, cannot be construed to mean the grade crossing because it "particularly" put the boy at "a point ·opposite Stevens Point postoffice" and gave his movement from west to east in respect to the postoffice. · The averment that he was "lawfully" there does not alter the averment that he was at that place nor does it justify a reading that he was at another place 500 feet away. It is, we think, plain that by the second amendment the plaintiffs declared for the first time the grade crossing was the place of the accident. The question of law is whether this constitutes a new ground of action, an assertion of which is barred by the statute of limitations.

The defendant's position is, first, that while the place of an accident may in some cases be immaterial, it is in this case vital in determining the precise ground of action and, in consequence, the degree of care which the railroad company owed the boy on its tracks, and in determining whether an amendment which changed the place, involving a change in the defendant's duty, changed the action. It next contends that, under what unquestionably is Pennsylvania law, Herz v. Pennsylvania R. R. Co., 302 Pa. 324, 153 A. 686, the plaintiffs cannot be allowed after the running of the statute of limitations to amend their pleading by shifting their ground of action, or, if amendment be improvidently allowed, they cannot recover against the statute of limitations, and that federal courts are bound by the Conformity Act (R. S. § 914 [28 USCA § 724]) to enforce this state law. The defendant is wrong in its final position, for state laws do not extend through the Conformity Act to amendment of pleadings in federal courts. In such matters they are gov-

erned by federal law. R. S. § 918 (28 USCA § 731); R. S. § 954 (28 USCA § 777); Van Doren v. Pennsylvania R. R. Co. (C. C. A.) 93 F. 260; Williamson v. Liverpool & London & Globe Ins. Co. (C. C. A.) 141 F. 54, 5 Ann. Cas. 402; Truckee River G. E. Co. v. Benner (C. C. A.) 211 F. 79; Montgomery's Manual of Federal Jurisdiction & Procedure, 312. However, that does not affect the defendant in this case for the federal law, as ordinarily applied under federal statutes in respect to an amendment which substitutes a new ground of action after a statute of limitations has run, is the same as the law of Pennsylvania. Union Pacific Ry. Co. v. Wyler, 158 U. S. 285, 15 S. Ct. 877, 39 L. Ed. 983; Baltimore & O. Southwestern R. R. Co. v. Carroll, 280 U. S. 491, 493, 50 S. Ct. 182, 74 L. Ed. 566; Mims v. Reid (C. C. A.) 275 F. 177, 180. As the plaintiffs by amendment set up a new ground of action and thereby charged the defendant with a new liability after the two-year limitation, we are forced to hold they cannot prevail on the present pleadings and that, in consequence, the judgment in their favor must be reversed. The plaintiffs are formally awarded a venire de novo with the direction that further proceedings be in conformity with this opinion.