**JENNINGS et al. v. DELAWARE & HUDSON CO.**

No. 1942.

District Court, M. D. Pennsylvania.

May 7, 1934.

756

Robert M. Bernstein, of Philadelphia, Pa., and A. M. Lucks, of Scranton, Pa., for plain-'tiffs.

Paul Bedford and Frank A. McGuigan, both of Wilkes-Barre, Pa., for defendant.

JOHNSON, District Judge.

The facts of this case, more fully set forth in Delaware & Hudson Co. v. Jennings et al. (C. C. A.) 64 F.(2d) 531, 532, are briefly as follows: Suit was brought to recover for injuries to minor plaintiff sustained while passing over defendant's railroad tracks. Plaintiffs filed their statement of claim June 2, 1927, describing the place of the accident as being "at a point near the said Stevens Point." On January 13, 1928, plaintiffs amended their statement by placing the accident at "a point opposite the Stevens Point post-office," such place making minor plaintiff a "trespasser." On trial the proofs placed the accident at a grade crossing, thereby making minor plaintiff a "wayfarer," and a new trial was granted because of the variance. On March 13, 1931, plaintiffs filed their second amendment, which definitely placed the accident at the grade crossing. After the second trial, resulting in a verdict for the plaintiffs, the case was appealed to the Circuit Court of Appeals, which held that plaintiffs could not prevail because the second amendment set up a new cause of action barred by the statute (12 PS Pa. § 34).

Plaintiffs now ask this court for leave "to withdraw the amended statement of claim filed on January 13, 1928, to the end that upon the new trial the pleadings shall conform to the proofs already offered, which show that the accident happened at the grade crossing."

If this court should grant petitioners' prayer, it would be doing the very thing that the Circuit Court in this case held could not be done, to wit, permit an amendment changing the cause of action after expiration of the two-year limitation period. The Circuit Court there said: "It is, we think, plain that by the second amendment the plaintiffs declared for the first time the grade crossing was the place of the accident." This court cannot now permit plaintiffs to amend and thus enable them to sue on the cause of action which was first asserted after the statute of limitations had run, regardless of the method used to attain that end.

And now, May 7, 1934, plaintiffs' rule to show cause is dismissed.