Argued June 29; reversed July 31; rehearing denied
September 11, 1934

# IBACH *v.* JACKSON
(35 P. (2d) 672)

*Alton J. Bassett,* of Portland (Manning & Harvey and Frank E. Manning, all of Portland, on the brief), for appellant.

*Barnett H. Goldstein,* of Portland, for respondent.

KELLY, J. On December 1, 1932, plaintiff filed her complaint and on December 2, 1932, the summons was served upon defendant. It is alleged in the complaint that on or about July 28, 1931, Genevieve M. Callahan died in Multnomah county, Oregon, and thereafter plaintiff was appointed and ever since has been administratrix of her estate; and that deceased left as her next of kin and sole heir a daughter now about six years of age.

In paragraph III of said complaint, it is further alleged:

"On or about July 27, 1931, the defendant in Portland, Oregon, wrongfully and unlawfully gave and served the said Genevieve M. Callahan large quantities of intoxicating alcoholic liquors for beverage purposes,

and induced her, the said Genevieve M. Callahan, to drink the same in large quantities sufficient to and which did cause her to become ill and to suffer from acute alcoholism, thereby causing her death on July 28, 1931, in Multnomah county, Oregon.

## IV

"That as a direct and approximate result of said wrongful and unlawful acts, the estate of the said Genevieve M. Callahan has suffered damages in the sum of $10,000."

On December 10, 1932, defendant filed an answer to said complaint.

On September 12, 1933, which it will be noted is more than nine months after the answer had been filed and more than two years after the alleged cause of action had accrued, defendant filed a motion for an order permitting and allowing him to withdraw his answer and file a demurrer.

On September 15, 1933, an order was made permitting the withdrawal of said answer and the filing of a demurrer to said complaint.

On September 18, 1933, a demurrer was filed based on the following grounds:

1. That the court has no jurisdiction of the subject of the action.

2. That the plaintiff has no legal capacity to sue.

3. That there is a defect of parties plaintiff.

4. That the complaint does not state facts sufficient to constitute a cause of action.

On October 9, 1933, said demurrer was sustained and plaintiff allowed five days thereafter within which to further plead.

On October 17, 1933, plaintiff filed an amended complaint containing the same allegations as those set forth in her original complaint except that paragraph

III thereof was changed and paragraph IV was added, which said paragraphs III and IV of said amended complaint are as follows:

## III

"That on or about the 27th day of July, 1931, the defendant enticed the said Genevieve M. Callahan to his room in a hotel in Portland, Oregon; that he then and there wilfully, unlawfully, and wrongfully forced the said plaintiff's intestate to partake of intoxicating liquors to such an extent that she lost her sense of reason and volition and forced her to continue to partake of said intoxicating liquors until she reached the state of acute intoxication, well knowing that she was unable to withstand the use of intoxicating liquors, and while in a state of intoxication and unable to control her own action and movements and in a manner unknown to plaintiff but known to the defendant the said Genevieve M. Callahan, while so suffering from said acute alcoholism brought on by the wrongful acts of the defendant as hereinbefore set forth, sustained injuries to her right ear, left arm, left hand, left leg, and fractured both nasal bones in her nose, and thereafter, the defendant carelessly and negligently left the said Genevieve M. Callahan while she was in said condition in said hotel room alone, where she died sometime during the night, as a direct and proximate result thereof.

## IV

"That the death of said Genevieve M. Callahan was directly caused by said wrongful, wilful, unlawful, careless, and negligent acts of said defendant, to wit:

"(1) That the defendant wrongfully, wilfully, and unlawfully forced said Genevieve M. Callahan to drink intoxicating liquors and continue to do so after defendant well knew that she was unable to drink more without probable injury resulting to herself and well knew that the said Genevieve M. Callahan could not consume more without probable illness or injury resulting therefrom.

"(2) That the defendant under the circumstances carelessly and negligently left the said Genevieve M. Callahan in said hotel room alone with the knowledge that she was intoxicated, ill and in a dangerous condition requiring care and attention.

"(3) That the said defendant carelessly and negligently failed to exercise the care necessary under the circumstances to protect the said Genevieve M. Callahan."

On October 21, 1933, defendant filed a motion to strike said amended complaint from the files on the ground that it contains more than one cause of action not separately stated, and that it attempts to set up a new and distinct cause of action from that alleged in the original complaint.

On said October 21, 1933, defendant also filed a demurrer to said amended complaint.

On November 4, 1933, said motion to strike plaintiff's amended complaint from the files was allowed.

On November 18, 1933, plaintiff having failed and refused to further plead, an order of dismissal and a judgment in favor of defendant for costs and disbursements were entered.

Error is assigned because of the orders sustaining the demurrer to the original complaint and the motion to strike the amended complaint.

■ There is no statute making it unlawful merely to give an adult a drink of intoxicating liquor. Section 15-105, Oregon Code 1930, by its terms, among other things, declares it to be unlawful to "sell, give away or barter any intoxicating liquor", etc. This has been held to refer to an ostensible gift which in fact is a sale, and not to the character of transaction set forth in the complaint: *State v. Runyon*, 62 Or. 246 (124 P. 259).

There being no statute, making it an offense, and it being no offense under the common law, it becomes a question whether under the facts delineated in the amended complaint, wrongful acts by defendant have been presented upon which decedent, if living, could base an action for damages.

2. Where plaintiff, or plaintiff's decedent voluntarily participates in the wrongful act and by such participation contributes to the cause of the damage sustained, an action cannot be maintained.

3. The original complaint failed to state facts negating such participation by plaintiff's decedent with sufficient clarity, distinctness and particularly to withstand the strict construction which a demurrer invokes. While it would have sufficed after issue joined, we think no error was committed by the learned trial judge in sustaining the demurrer thereto and permitting plaintiff to file an amended complaint.

■ It is argued by defendant that plaintiff's original complaint was predicated upon some alleged violation of the liquor laws. While it is deducible therefrom that defendant violated the statute then in effect (Section 15-105, Oregon Code 1930), prohibiting possession of intoxicating liquor, that deduction also attends the amended complaint. In that respect, this case is to be distinguished from those cases where it is held that merely holding a bottle of liquor for the purpose only of taking a drink therefrom does not constitute unlawful possession: *State v. Williams,* 117 Or. 238 (243 P. 563); *State v. Fouts,* 129 Or. 115 (276 P. 683).

In the case at bar, both complaints, one by direct reference, the other by obvious inference, disclose that defendant knowingly had large quantities of intoxicating liquor in his possession. In that way and to that extent only we concur with defendant in his construc-

tion of these pleadings to the effect that in part they are predicated upon the statute effective for the purposes of this case which prohibited the possession of liquor.

■ Defendant suggests that the statute just cited was repealed without a saving clause by chapter 1, Laws of 1933, and that any right of action thereon was thereby terminated and annulled. Section 14-1008, Oregon Code 1930, reads:

"14-1008. Saving clause—Acts amending or repealing criminal statutes.—In all cases hereafter occurring where a criminal statute or a part of a criminal statute shall be either amended or repealed, the criminal statute or the part of a criminal statute so amended or repealed shall be and remain in force for the purpose of authorizing the prosecution, indictment, trial, conviction and punishment of all persons who shall have violated such criminal statute or part of a criminal statute so amended or repealed prior to the taking effect of the act so amending or repealing such criminal statute or part of a criminal statute."

■ This section has the same effect as a saving clause in the repealing act.

■ Defendant also suggests that the original complaint discloses an attempt to base this action upon the provisions of section 15-708, Oregon Code 1930, which provides that:

"Any person who shall * * * give to any intoxicated person or habitual drunkard * * * intoxicating liquors shall be liable for all damages resulting * * * therefrom at the suit or action of the wife, husband, parent or child of such intoxicated person."

We think that this suggestion cannot be approved. The allegation as to the surviving daughter of decedent must be treated as mere surplusage.

■ Whether the motion to strike plaintiff's amended complaint should have been sustained depends upon whether it set forth a new and different cause of action from that which is alleged in the original complaint, or contains two causes of action not separately stated.

We think that the amended complaint merely amplifies the allegation of the wrongful administration of liquor, more clearly states facts negating decedent's voluntary participation, adds one more specification of negligence, namely, leaving decedent alone in a maimed, injured and intoxicated condition: *Hansen v. Oregon-Washington R. & N. Co.*, 97 Or. 190, 216 (188 P. 963, 191 P. 655); *Doyle v. Southern Pac. Co.*, 56 Or. 495, 521, 522 (108 P. 201); *Osgood v. Osgood*, 35 Or. 1, 6 (56 P. 1017). (See *Bramwell v. Rowland*, 123 Or. 33, 40, 41, 42, 43 (261 P. 57), where Mr. Justice ROSSMAN discusses the propriety of permitting amendments during trial.)

The use of the word "forced" in describing the alleged administration of liquor does not change the character of the wrongful act alleged. One cause of action only is alleged.

These views lead us to the conclusion that error was committed in sustaining said motion to strike plaintiff's complaint.

■ This motion did not present the question of whether plaintiff's cause of action is barred by the statute of limitations nor the question of whether sufficient facts are stated in the amended complaint to constitute a cause of action. Those questions were presented by defendant's demurrer, but the trial court disposed of the case on the motion to strike only. While it is not important on this appeal, we venture to suggest that the demurrer to the amended complaint waived defects therein attackable only by motion: 49 C. J., 832, § 1230.

■ In support of his demurrer, defendant invokes the principle that where the original complaint states no cause of action, the statute of limitations is not thereby tolled; and if an amended complaint is not filed within the period limited by the statute the cause of action is barred. This principle cannot be applied to a case such as the instant case where in the original complaint a cause of action is defectively stated: *United States v. Memphis Cotton Oil Co.*, 288 U. S. 62 (53 S. Ct. 278, 77 L. Ed. 619), and cases there cited. Speaking through Mr. Justice Cardozo, the United States supreme court there say:

"The general rule is said to be that an amendment of a pleading will take effect by relation and thus relieve against the bar of an intervening limitation if the identity of the cause of action is still substantially the same, but that the limitation will prevail if under the guise of an amendment there is the substitution of a new cause of action in place of another wholly different. Baltimore & O. S. W. R. Co. v. Carroll, 280 U. S. 491, 50 S. Ct. 182, 74 L. Ed. 566; Seaboard Air Line Ry. v. Renn, 241 U. S. 290, 293, 36 S. Ct. 567, 60 L. Ed. 1006; Harriss v. Tams, 258 N. Y. 229, 242, 179 N. E. 476. The analogy is helpful; yet it will confuse, instead of help, if we do not insist at the beginning upon a definition of our terms or at least a recognition of their shifting meanings. A 'cause of action' may mean one thing for one purpose and something different for another. It may mean one thing when the question is whether it is good upon demurrer, and something different when there is a question of the amendment of a pleading or of the application of the principle of res judicata. Cf. Chicago, R. I. & P. Ry. Co. v. Schendel, 270 U. S. 611, 617, 46 S. Ct. 420, 70 L. Ed. 757, 53 A. L. R. 1265; Baltimore S. S. Co. v. Phillips, 274 U. S. 316, 321, 47 S. Ct. 600, 71 L. Ed. 1069. At times and in certain contexts, it is identified with the infringement of a right or the violation of a duty. At other times and in other contexts, it is a concept of

the law of remedies, the identity of the cause being then dependent on that of the form of action or the writ. Another aspect reveals it as something separate from writs and remedies, the group of operative facts out of which a grievance has developed. This court has not committed itself to the view that the phrase is susceptible of any single definition that will be independent of the context or of the relation to be governed. None the less, it has fixed the limits of amendment with increasing liberality. A change of the legal theory of the action, 'a departure from law to law'; has at times been offered as a test. Union Pacific Ry. Co. v. Wyler, 158 U. S. 285, 295, 15 S. Ct. 877, 881, 39 L. Ed. 983. Later decisions have made it clear that this test is no longer accepted as one of general validity. Thus in Missouri, Kansas & Texas Ry. Co. v. Wulf, 226 U. S. 570, 33 S. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, plaintiff suing in her individual capacity under a Kansas statute for her son's death was allowed to amend to sue as administratrix under the Federal Employers' Liability Act (45 USCA, §§ 51-59), after the statute of limitations would have barred another action. In New York Central Railroad Co. v. Kinney, 260 U. S. 340, 43 S. Ct. 122, 67 L. Ed. 294, there was in substance the same ruling. In Friederichsen v. Renard, 247 U. S. 207, 38 S. Ct. 450, 62 L. Ed. 1075, a cause of action by a defrauded buyer to set aside a contract was turned into a cause of action to recover damages for deceit. 'Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied'. New York Central Railroad Co. v. Kinney, supra, page 346 of 260 U. S., 43 S. Ct. 122, 123.''

Independently of any statute, it is wrongful for any person repeatedly and continuously to ply another person with intoxicating liquor until intoxication is

produced. An action by a woman so mistreated could be maintained unless by voluntary participation therein she could herself be said to be at fault. It is alleged in the amended complaint, as it may be inferred from the original complaint, that after decedent lost her sense of reason and volition, defendant continued to administer liquor to her. If decedent had survived such an indignity, she would have had a right of action against defendant for such damages as she sustained thereby.

In discussing the case wherein the defendants had induced plaintiff's decedent to swallow three pints of whiskey in quick succession, the supreme court of Texas, speaking through Mr. Chief Justice Willie, say:

"As a general principle, a man can recover no damages for an injury received at the hands of another, with his own consent, unless it arises from some act which is in itself a breach of the peace. For instance, it is said by Mr. Cooley, that 'a man cannot complain of a nuisance, the creation of which he concurred in or countenanced'. But if two men agree to fight and one is injured, the law will not excuse on account of the consent given to the assault. And 'an injury even in sport would be an assault, if it went beyond what was admissible in sports of the sort, and was intentional'. Cooley on Torts, p. 163; Adams v. Waggoner, 33 Ind. 531; Com. v. Colberg, 119 Mass. 350. Much less can a man consent to the taking of his own life, or to an injury which is likely to result in his own death.

"But even in cases where no breach of the peace is involved, and the act to which consent is given is matter of indifference to public order, the maxim of volenti non fit injuria presupposes that the party is capable of giving assent to his own injury. If he is divested of the power of refusal by reason of total or partial want of mental faculties, the damage cannot be excused on the ground of consent given. A consent

given by a person in such condition is equivalent to no consent at all—more especially when his state of mind is well known to the party doing him the injury. If an infant of tender years, or an idiot, or a person non compos mentis, from any cause agrees to an act which he cannot know will injure him, the person causing him to perform, or suffer the performance of, such act will be answerable for its consequences. It is just as if a person, without knowledge that a poisonous or deleterious substance is contained in an article of food offered him, swallows it at the solicitation of another, who is aware of its noxious character—in such case of course the one who gives the food is liable in damages for the injury that follows: Com. v. Stratton, 114 Mass. 303.

"And so if one whose mental faculties are suspended by intoxication is induced to swallow spirituous liquors to such excess as to endanger his life, the persons taking advantage of his condition of helplessness and mental darkness and imposing the draught upon him must answer in damages for the injury that ensues. They must answer to him if such injury should fall short of the destruction of life; and to his family if death should be the result." McCue v. Klein, 60 Texas 168 (48 Am. Rep. 260).

Holding that a statute, which declares that a person injured * * * in consequence of intoxication of any person has a right of action does not give a cause of action to the intoxicated person, the superior court of New Hampshire, speaking through Mr. Chief Justice Peaslee, say:

"It is further urged that, independent of any statute, the defendant is liable for illegally furnishing intoxicating liquor, whereby damage was caused to the receiver thereof. The argument is that the wrongful nature of the defendant's act, as against the public, makes him also a wrongdoer as to a private party affected by such conduct. Assuming that this is true, and that the case cannot be distinguished from those

where the criminal liability is manifestly imposed for the benefit of a private party to be affected, as in the case of the law of the road (P. S. C. 76, s. 17; Brember v. Jones, 67 N. H. 374), still the plaintiff cannot recover when it appears that the conduct of a reasonable man, in the place of the decedent, would have avoided the wrong done. Bresnehan v. Gove, 71 N. H. 236; Brember v. Jones, supra; Taylor v. Thomas, 77 N. H. 410.

"It must be inferred from the nature of the transactions involved that Landon not only did nothing to avoid the defendant's illegal act, but that he was a well-wisher to the deed. He was a participant in the transaction, and his cooperating acceptance was necessary to complete the illegal gift. Argument is advanced from the standpoint that an inebriate is incapable of resistance. If such fact were proved, if it appeared that Landon was in a condition not to be responsible for his acts when he accepted the liquor, the argument would be applicable." Hoyt v. Tilton, 81 N. H. 477, (128 Atl. 688).

"When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action at law therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury done by the same act or omission." Section 5-703, Oregon Code 1930.

It is alleged in the amended complaint that defendant's wrongful acts caused decedent's death; but it is not alleged that the administration of the liquor after decedent had lost her sense of reason and volition, namely, the administration of the intoxicant in which decedent could not have voluntarily and willingly participated, was the proximate cause of decedent's death. It is alleged that the abandonment of decedent, by defendant after having voluntarily assumed the duty of exercising ordinary care for her welfare and safety inducing her to become his guest was the proximate

cause of decedent's death. The demurrer to the amended complaint should be overruled.

For the reasons stated, the judgment of the circuit court is reversed and this cause remanded for such further proceedings as may be proper not inconsistent herewith.

RAND, C. J., and BELT and ROSSMAN, JJ., concur.

Petition for rehearing denied September 11, 1934

ON PETITION FOR REHEARING

KELLY, J. In a petition for rehearing defendant again urges that plaintiff's original complaint fails to state a cause of action, insists that an inference from the language of the complaint, that after decedent lost her sense of reason and volition defendant continued to administer liquor to her, is unwarranted, contends that this court erred in holding that the circuit court committed error in sustaining defendant's motion to strike the amended complaint from the files, argues that this court erred in holding that the amended complaint takes effect by relation thus relieving against the bar of an intervening limitation, and suggests this court erred in holding that the demurrer to the amended complaint should be overruled.

The following authorities, not cited in defendant's original brief, are cited in the petition before us: *Hall v. L. & N. Ry. Co.,* 157 Fed. 464; *St. Louis & S. F. R. Co. v. Loughmiller,* 193 Fed. 689; *Delaware & Hudson Co. v. Jennings,* 64 Fed. (2d) 531; and *Noland v. Union State Bank,* 139 Kan. 261 (31 P. (2d) 45).

The following authorities, which are cited in defendant's original brief, are again cited in said petition: 49 C. J. 503; 17 C. J. 1298; *Montgomery v. Shaver,*

40 Or. 244 (66 P. 923); *Foste v. Standard Ins. Co.*, 26 Or. 449 (38 P. 617); *Foster v. St. Luke's Hospital*, 191 Ill. 94 (60 N. E. 803); *Elrod v. St. Louis*, 84 Kan. 444 (113 P. 1046); *Kramer v. Gille*, 140 Fed. 682; *Tiller v. St. Louis & S. F. R. Co.*, 189 Fed. 994; *Hill & Co. v. Hoover*, 211 Fed. 241; *Union Pac. Ry. Co. v. Wyler*, 158 U. S. 285 (15 S. Ct. 877, 39 L. Ed. 983); *Seaboard Air Line Ry. v. Renn*, 241 U. S. 290 (36 S. Ct. 567, 60 L. Ed. 1006).

Bouvier's dictionary tells us that the condition of a person whose mind is affected by the immediate use of intoxicating drinks, which condition is known to the medical profession as drunkenness, presents various degrees of intensity ranging from simple exhilaration to a state of utter unconsciousness and insensibility. From the same source, we learn that in the popular phrase the term drunkenness is applied only to those degrees of it in which the mind is manifestly disturbed in its operation. In the earlier stages, it frequently happens that the mind is not only not disturbed but acts with extraordinary clearness, promptitude and vigor. In the latter, the thoughts obviously succeed one another without much relevance or coherence, the perceptive faculties are active, but the impressions are misconceived as if they passed through a distorting medium, and the reflective powers cease to act with any degree of efficiency. Some of the intermediate stages may be easily recognized; but it is not always possible to fix upon the exact moment when they succeed one another. In some persons peculiarly constituted, a fit of intoxication presents few if any of these successive stages, and the mind rapidly loses its self-control, and for the time is actually frenzied, as if in maniacal paroxysm though the amount of the drink may be comparatively small.

Volume I, Bouviers' Law Dictionary (Rawle's Revision), subject, "Drunkenness", p. 619.

Whether plaintiff's decedent belonged to the class of persons who, in their consumption of liquor, undergo intoxication in varying degrees of intensity, or was one of those persons who rapidly lose their self-control, certainly a time came before she died when decedent did lose control of her will power.

To support the demurrer to the original complaint, it is necessary to infer that all of the large quantities of liquor alleged to have been given decedent by defendant was administered *before* decedent lost her sense of reason and volition.

Under the strict rule applicable in determining the sufficiency of a pleading when tested by a demurrer, we think that such an inference should be drawn. Under the more liberal rule which obtains after issue joined upon the facts, it is clearly inferable from the language of the complaint quoted in the original opinion herein that part of the liquor was given decedent before and part of it after she had passed the crucial period of transition from conscious volition to irresponsible intoxication.

We venture to assert that the inference favorable to defendant is no less an inference than the one favorable to plaintiff. There is no direct allegation in the complaint that all of the liquor alleged to have been given decedent was administered *before* her mental processes became disturbed by intoxication; but the strict rule requires us to so infer. There is no direct allegation that part of the liquor was administered after decedent lost control of herself; but the liberal rule permits us to so infer.

Defendant states that he finds no precedent cited in the opinion to the effect that a cause of action was

stated in plaintiff's original complaint. We again commend to defendant the case of *McCue v. Klein,* 60 Tex. 168 (48 Am. Rep. 260). As quoted in the original opinion, it is there stated:

"And so if one whose mental faculties are suspended by intoxication is induced to swallow spirituous liquors to such excess as to endanger his life, the persons taking advantage of his condition of helplessness and mental darkness and imposing the draught upon him must answer in damages for the injury that ensues. They must answer to him if such injury should fall short of the destruction of life; and to his family if death should be the result."

■ We stated in the original opinion and will restate here that on December 10, 1932, defendant filed an answer to said complaint. That answer remained on file for nine months. During all that time issue was joined upon the facts and the liberal rule of construction only could be invoked in testing the sufficiency of the complaint. Defendant therefore affords us a precedent for concluding that under such liberal rule the complaint would be upheld. At least, it is evident that defendant was unwilling to submit the question when the record required a liberal construction of the complaint, because defendant, after waiting nine months, and until the expiration of the period prescribed by statute for instituting such action as this, procured an order permitting him to withdraw his answer and file a demurrer to the complaint, thereby rendering the strict rule of construction available to him.

Defendant complains that he is being deprived of the right to plead the defense of the statute of limitation. He seems to be unmindful that the record discloses that he waited until after the expiration of the statutory period within which actions of this kind

may be prosecuted before securing an order the effect of which was to change the rule of construction from liberality to strictness thereby rendering plaintiff's complaint valueless, although for nine months the cause had been at issue and the complaint invulnerable. The mandate of simple justice prevents the opening of a case in such a way to permit the interposition of that defense.

Defendant again urges error on the part of this court in holding that the trial court erred in sustaining defendant's motion to strike plaintiff's amended complaint from the files. There were but two grounds assigned in support of this motion: (1) That the amended complaint contains more than one cause of action, and (2) that it attempts to set up a new and distinct cause of action. The right of a plaintiff, when filing an amended complaint, to plead an additional specification of negligence is conceded.

The case is one based upon the alleged causing of death by wrongful act. Despite defendant's statement to the contrary, we so designated it in the original opinion and venture to reiterate it here. Any negligent act or acts of defendant connected with and comprising part of the gravamen of plaintiff's complaint which caused the death of decedent could be incorporated in the amended complaint. It is alleged in the amended complaint that defendant's abandonment of decedent, while decedent was in a state of acute alcoholism brought on by the wrongful acts of defendant, was the proximate cause of her death. It is alleged in the original complaint that defendant gave decedent intoxicating liquor in such large quantities as to cause acute alcoholism. Certainly that brings that particular specification of negligence under the conceded rule above stated; and dissipates the suggestion that in

that respect a new and distinct cause of action is set forth in the amended complaint.

One definition of negligence is a violation or breach of a duty owing by one person to another. The administration by one person to another of alcoholic liquor for beverage purposes only, in such quantities as to cause death is a breach of duty and a tortious act, the abandonment of a guest who had been maimed and injured after having been made helplessly drunken by her host is another breach of duty. We venture to suggest to defendant that these are elementary principles upon which it is unnecessary to cite precedents, and, further, that it is the function of the court to declare the law not to show litigants where to find it.

In this jurisdiction, the common law forms of action are not retained: Section 1-101, Oregon Code 1930. Here we may properly designate this as an action for damages for wrongful death.

16. Whether constructive force or actual force, or no force at all was employed, the violation of duty is shown by the facts alleged, both in the original and in the amended complaint. There is nothing in either complaint inconsistent with the rules governing an action of trespass on the case.

"As a general rule an action on the case will lie where the injury is the effect of the defendant's negligence or mere non-feasance, although the force used be immediate or direct." 26 R. C. L. 983-4, Subject, Trespass on the Case.

The matter of forcible conduct on defendant's part is not determinative of whether a different cause of action is stated in the amended complaint from that which is stated in the original complaint. The test is whether negligence on defendant's part has been pleaded in both complaints.

■ To say that the administration of liquor in such large quantities as to cause death is not a breach of the duty which one human being owes to every other human being with whom he comes in contact, namely, the duty to observe ordinary care to prevent injury, is to shock the fundamental and rudimentary principles of decency and order. For this reason we hold that a breach of duty was so pleaded in the original complaint. The same breach of duty is alleged in the amended complaint. We do not recede from our holding, however, that from the original complaint by applying a strict rule of construction, the inference that decedent, herself, was also guilty of negligence, could be drawn. That inference does not change the character or form of plaintiff's remedy nor affect the principles and rules governing her rights in relation to her amended complaint.

■ Defendant also urges that this court erred in holding that the demurrer to the amended complaint should be overruled. Defendant volunteers the statement that this question was not before the court. To this point, we quote from pages 8 and 9 of defendant's original brief:

"However, the question of what statute is involved is of little importance, as the underlying question on this appeal is simply this: Does the 'amended' complaint set out an entirely new and distinct cause of action from that set out in the original complaint, *and if so, is it barred by the statute of limitations? The answer must be in the affirmative.*"

On page 19 of defendant's original brief herein, we find the following statement printed in full capitals:

"The amended complaint sets up a new and entirely different cause of action which is barred by the statute of limitation."

Pages 19 to 29, both inclusive, of said brief are devoted to a citation of authorities and argument upon that point. When it is remembered that the only means by which the question of the statute of limitation could be brought to the attention of the court is through the office of the demurrer to the amended complaint, it must be apparent that defendant is verging on inconsistency in making the statement that said demurrer was not before the court.

It is true that the trial court did not pass upon that demurrer. We felt, however, that there could be no impropriety in indicating our views thereupon after such a thorough briefing and argument thereof by defendant. We called attention to the failure of plaintiff to allege that the administration of intoxicating liquor was the proximate cause of the death of decedent. We note that defendant says that no question was raised as to the sufficiency of the amended complaint to state a cause of action. As stated in the demurrer, the fifth ground upon which it is based, is as follows: ''That the amended complaint does not state facts sufficient to constitute a cause of action.'' In the orderly procedure which the learned and experienced trial judge will follow, this demurrer will be considered and the questions raised thereby will be decided. That necessarily will require the court to determine whether a cause of action is stated in the amended complaint with sufficient certainty, definiteness and exactitude to withstand attack by demurrer. While we think that the amended complaint is not vulnerable to demurrer, it would not be an abuse of discretion to permit an amendment thereof with reference to proximate cause.

Defendant indicates that the texts and decisions cited by him in his original brief were ignored by this

court. In that he is mistaken. Every text and every decision cited were carefully read and considered. Those again cited in defendant's petition for rehearing have again been read. Those cited in the petition and not cited in the original brief have been carefully read and considered.

We are reluctant to comment upon these authorities because, by doing so, we extend this opinion to the point of prolixity; and, yet, defendant is entitled to know that we have given to his cause and to his presentation thereof the best thought and the most conscientious consideration of which we are capable.

The two citations to Corpus Juris refer to two sections thereof in which general statements are grouped. One of those general statements found on page 503 of Vol. 49 is as follows:

"Where, however, a cause of action is defectively or insufficiently stated, an amendment to perfect the statement is permissible."

Another of those general statements appears at the beginning of section 157 on page 1297 of Volume 17 C. J. Defendant cites page 1298 upon which the remaining portion of said section is found. We quote the statement at the beginning of said section:

"Where the declaration or complaint states a good cause of action, an amendment which does not set up a new cause of action but makes the pleadings conform to the evidence, or which cures a formal defect, may properly be allowed and such amendment relates back to the commencement of the action and may be made even after the limitation period has expired."

The principle is also announced that it is error to permit an amendment which sets up a new cause of action.

*Montgomery v. Shaver*, 40 Or. 244 (66 P. 923), holds that in an injunction suit to restrain defendant

from occupying certain premises, where the complaint is amended to include a larger tract, the suit will be deemed to have been commenced on the day of the amendment in determining whether defendant had acquired title by adverse possession to the portion of the tract not included in the original complaint.

*Foste v. Standard Insurance Co.,* 26 Or. 449 (38 P. 617), holds that a complaint stating a cause of action for labor and services cannot be amended on trial so as to set up a cause for a stated account. The rule is stricter with regard to allowable amendments where a cause is on trial after issue joined than before trial.

*Foster v. St. Luke's Hospital,* 191 Ill. 94 (60 N. E. 803), announces the doctrine that where the original declaration fails to state a cause of action, an amended declaration does not relate back and hence the statute of limitations is a bar.

*Elrod v. St. Louis & S. F. R. Co.,* 84 Kan. 444 (113 P. 1046), holds that an amendment adding to the complaint an allegation that defendant, railroad company, was negligent in failing to light its depot platform, did not relate back to the original complaint, and hence as to that specification of negligence the statute of limitations was a bar.

*Kramer v. Gille,* 140 Fed. 682, holds that where the original petition filed in a state court by the receiver of a corporation alleged that defendants, who were stockholders and directors of the corporation at a time when it was insolvent, sold their stock to it at par value for cash in fraud of its creditors and sought to recover the sum so received by defendants, an amendment was not allowable after removal of the cause to the federal court alleging that defendants exchanged their stock for a stock of goods of a stated value, which

was owned by the corporation, but stood in the name of another.

The doctrine of *Hall v. Louisville & N. R. Co.,* 157 Fed. 464, is that an amendment of a declaration changing the beneficiary of the action is in effect the bringing of a new suit.

*Tiller v. St. Louis & S. F. R. Co.,* 189 Fed. 994, holds that where an original petition filed by a husband for injuries to his wife by fire alleged to have been set out by defendant railroad company approaching their dwelling charged mere mental suffering dissociated from physical injury due to the fire, and therefore failed to state a cause of action, it could not be amended after limitations had run by inserting an allegation of physical injury due to the fire.

*St. Louis & S. F. R. Co. v. Loughmiller,* 193 Fed. 689, holds that where an action is based on a statute of a sister jurisdiction and no reference whatever is made in the petition to the statute or any claim based thereon until the time limit prescribed in the statute has expired all right of action thereunder is lost and any amendment thereafter attempted is as inefficient to restore or revive the lost cause of action as would be a new action then instituted

*Hills & Co. v. Hoover et al.,* 211 Fed. 241, announces the rule that where a second cause of action was added by amendment, the statute of limitation was not tolled against such second cause of action by the pendency of a suit on the first.

*Union Pac. Ry. Co. v. Wyler,* 158 U. S. 285 (15 S. Ct. 877, 39 L. Ed. 983), holds that a second amended petition changing the ground of action from the general law to a special statute did not relate back to the commencement of the action.

We quote the second paragraph of the syllabus in *Seaboard Air Line Railway v. Renn,* 241 U. S. 290 (36 S. Ct. 567, 60 L. Ed. 1006):

"Allegations in the complaint in a suit in a North Carolina Court by a railway employee to recover for personal injuries suffered through the railway company's negligence, that the railway company was operating a railway in Virginia, North Carolina, and elsewhere, that plaintiff was in its employ, and that, when injured, he was in the line of duty, and that the injury occurred in Virginia by reason of a defect in the right of way, point, although imperfectly, to a cause of action under the Federal Employers' Liability Act of April 22, 1908, (35 Stat. at L. 65, Chap. 149, Comp. Stat. 1913, Sec. 8657), so that an amendment stating distinctly that, at the time of the injury, defendant was engaged and plaintiff employed in interstate commerce, did not introduce a new cause of action which would be barred, because the two years' limitation prescribed by section 6 had then elapsed, but such amendment merely expanded or amplified what was alleged in support of the cause of action, and related back to the commencement of the suit."

*Delaware & Hudson Co. v. Jennings et al.,* 64 Fed. (2d) 531, holds that a second amended statement of claim, which alleged that a boy was injured by a train at a public crossing, alleged a different cause of action than that alleged in the first amended statement which alleged that the accident occurred at a point opposite the postoffice which was about 500 feet from the crossing. The court there note that at the point mentioned in the first amended statement, the boy would have been a trespasser who could recover only for wanton or wilful injury while at the crossing he would have been a wayfarer to whom defendant would owe a higher degree of care.

*Noland v. Union State Bank,* 139 Kan. 261 (31 P. (2d) 45), holds that where in the original pleading it

was alleged that checks drawn by plaintiff upon funds deposited in defendant's bank by plaintiff were dishonored by defendant causing plaintiff to be arrested, and this pleading was amended by alleging that the dishonored checks were drawn by a partnership of which plaintiff was a member upon funds in said bank belonging to said partnership does not relate back to the commencement of the action.

We quote from the opinion in that case:

"It is shown that the amendment set up a different tort than was first pleaded. It substituted one negligent charge for another and was based on different parties with different ground of recovery, and where that appears it is open to the defense of the statute of limitations, *  *  *"

The case of *Elrod v. St. Louis & S. F. R. Co.,* supra, support defendant's position with reference to the part of plaintiff's amended complaint charging abandonment of decedent by defendant, but we are unwilling to be controlled by it because it is in conflict with the Oregon cases cited in the original opinion.

The other cases, except one, are not in point. They fall into three classes, one, those cases affecting title to real property, two, those cases wherein no cause of action is stated in the original pleadings, and three, those cases wherein the amended pleading introduces or substitutes a new and different cause of action from the one set forth in the original pleading.

The exception above noted is the case of *Seaboard Air Line Railway v. Renn,* supra, which announces and applies the rule announced herein by this court.

We adhere to the original opinion.

The petition for rehearing is denied, the judgment of the circuit court reversed and the cause remanded.