No. 21,977.

WILLIAM DIXON, *Appellee,* v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. DEFECTIVE SIDEWALK—*No Part of an "Approach to a Railroad Crossing"—Liability of Abutting Lot Owner.* The evidence is held not to support a finding that a sidewalk was to be regarded as an approach to a railroad crossing in such sense as to make the railway company (which owned the abutting property) liable for its being kept in repair by virtue of the statute requiring highways crossed by railroads to be restored to such condition as to be fit for travel.

2. SAME—*City Ordinance—Duty of Owner of Abutting Property to Make Repairs—Liability for Injuries.* An ordinance which requires the abutting owner to repair sidewalks which become dangerously defective, and authorizes the city to make such repairs at his charge if he fails to do so within ten days of the receipt of an official notice of what has been determined to be necessary, does not render such owner liable to a pedestrian who is injured by reason of a defect in the walk.

3. SAME. Liability of the owner of the abutting property to persons injured by reason of the defective condition of a sidewalk does not arise from his having previously repaired defects.

Appeal from Barber district court; GEORGE L. HAY, judge. Opinion filed March 8, 1919. Reversed.

*W. P. Waggener, J. M. Challis, Walter E. Brown,* all of Atchison, and *Seward I. Field,* of Medicine Lodge, for the appellant.

*Chester I. Long, Austin M. .Cowan,* both of Wichita, and *Samuel Griffin,* of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

MASON J.: William Dixon, a blind man, was injured by a fall caused by a defective sidewalk in the city of Kiowa. He brought an action against the Missouri Pacific Railway Company and recovered a judgment. The defendant appeals.

The railway company has a main line and sidetrack running north and south along Twelfth street where it crosses Campbell street. It owns the west half of the block lying east of Twelfth street and north of Campbell street, and the sidewalk in question is on Campbell street south of this half block. The walk is built of brick laid flat in sand. The accident took place about midway of its length, where the bricks had been disarranged by heavily loaded wagons having been hauled across it. The plaintiff sought to hold the defendant liable on two principal theories: (1) that the walk was in effect a part of the approach to the railroad crossing and that in suffering it to get out of repair the company had violated its statutory obligation to restore Campbell street to a fit condition for travel (Gen. Stat. 1915, § 2328, subdiv. 4), and (2) that the company was under a responsibility for the bad condition of the walk growing out of its ownership of the abutting lots.

1. It is argued in behalf of the plaintiff that the lay of the ground made it necessary to maintain this particular piece of walk as a connection between the cross walk over Twelfth street and the ordinary sidewalk on the north side of Campbell street. The only evidence we discover that might be thought to have a tendency to support this claim is testimony to the effect that at the place of the accident the walk was about a foot above the level of the ground, requiring a fill of that amount. We do not regard this as sufficient to sustain a finding that the walk had anything to do with correcting the hindrance to travel

on Campbell street caused by the maintenance of the tracks along Twelfth street.

2. Persons injured through defects in a sidewalk have no ground of action against the abutting owner merely by reason of his ownership. (*Jansen v. City of Atchison*, 16 Kan. 358, 385; 13 R. C. L. 321.) Here the plaintiff relies upon the terms of a city ordinance reading as follows:

"That when any sidewalk heretofore built in this city, or hereafter to be built, whether in pursuance of an ordinance of the city or not, shall become sufficiently out of repair to be dangerous to pedestrians, the same shall be immediately repaired by the owner of the adjacent and abutting property or by the agent of such owner, if the owner does not reside in the city, and it shall be the duty of the city marshal and of the street commissioner to report to the mayor and council, at their meetings, the condition and location of any sidewalk so permitted to be out of repair, and the mayor and council shall have the right to determine the necessity for the repair of any such sidewalk, and upon such determination, to be made of record in the minutes of the council proceedings, a notice shall be issued by the city clerk to the owner or agent of such property, which notice shall describe the sidewalk and the extent and nature of repairs, as determined by the mayor and council, and such notice shall be served upon the owner of such property, if he resides in the city, and otherwise upon the agent, if known, or by posting a copy of such notice on the abutting property and if such repairs are not made within ten days after the delivery or posting of such notice, the repairs shall be made by the street commissioner, or other person under the direction of the mayor and council, and upon acertainment of the cost and expense thereof, the same shall be assessed against such abutting property and collected as other city taxes therefrom."

While the ordinance declares that the abutting owner shall "immediately" repair a dangerous defect in the sidewalk, no penalty is provided excepting that in case of his failure to act within ten days after receiving a notice the city may make the repairs and charge the expense to the property. Whether or not an absolute obligation of the owner to repair the walk arises before he receives an official notice, his duty in the matter is one owing to the city, and not to individuals. The prevailing view is that under such a law a person injured in consequence of a defective walk cannot maintain an action against the owner of the abutting property. The weight of authority to that effect is so great that it may be regarded as definitely establishing the rule. (28 Cyc. 1437-1438; 15 A. & E. Encycl. of L. 437; 2 Elliot's Roads and Streets, 3d ed., § 898; 13 R. C. L.

Dixon v. Railway Co.

323.)   In *Delaware, L. & W. R. Co. v. Madden,* 241 Fed. 808, where a judgment against the lot owner was upheld because of a provision of the city charter expressly making abutting owners liable for any injury or damages occasioned by their failure to maintain or repair a walk, the general principle of nonliability was recognized, and the decisions bearing thereon were fully collected, classified and discussed in the opinion written by Judge Rogers.   (pp. 812-816.)

The authorities to which reference has been made declare a liability under the common law on the part of the abutting owner where the defect in the walk by which an injury is caused is due to his own act, on the ground that he has created an obstruction or nuisance in the street.   (See also 13 R. C. L. 322, especially note; 115 Am. St. Rep. 994, and *City of Rochester v. Campbell et al.,* 123 N. Y. 405, 416; also *City of Topeka v. Central Sash & Door Co.,* 97 Kan. 49, 154 Pac. 232.)   In the present case there was no allegation or proof that the teams which were driven across the walk belonged to or were controlled by the defendant.   They appear to have been principally those of the Kanotex Refining Company, which occupied the abutting property.   It was shown that the defendant had twice repaired the walk and had once, to stop the practice of driving across it, erected a barrier, which was shortly removed by a driver for the refining company.

3.   A contention is made by the plaintiff that regardless of the railway company's duty under the statute and the ordinance, it was liable on the ground that it built the sidewalk and invited the public to use it, and was therefore bound to keep it in repair.   We do not observe anything in the evidence that appears to create any obligation with respect to this walk different from those obligations arising generally from the ownership of property abutting on a sidewalk.

The judgment is reversed, and the cause is remanded with directions to render judgment for the defendant.