No. 28,136.

HELEN J. SPEAR, *Appellant*, v. THE CITY OF STERLING et al., *Appellees.*

(267 Pac. 979.)

Opinion filed June 9, 1928.

*Frank L. Martin* and *James N. Farley*, both of Hutchinson, for the appellant.

*William Osmond, Elrick C. Cole* and *T. B. Kelley,* all of Great Bend, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The question presented here is whether the abutting owner of property is liable for personal injuries suffered by one who falls upon a slippery sidewalk. The action was against the city of Sterling and the owners of the abutting property. A demurrer by the city to the petition was sustained because it failed to show written notice or demand to have been made on the city within three months as required by the statute. (R. S. 12-105.) After the filing of an answer by the owners of the property and a reply by the plaintiff the court sustained a motion of the defendants for judgment on the pleadings, and the plaintiff appeals.

The answer of Mrs. Frank Stivers alleged substantially that she is one of the owners and in possession of the lots in question; that in front of the premises there is a cement sidewalk approximately twelve feet wide in which there is inserted a slab for advertising purposes which is a part of the sidewalk; that the slab was constructed long prior to the time when she acquired an interest in the property; that it was not constructed by her nor for her nor under her direction, and that since acquiring her interest in the property there has been no change, alteration or repair of the sidewalk or slab; that the sidewalk and slab are in a public street of the city of Sterling.

The defendant, Heffner, filed an answer making substantially the same allegations as those by Mrs. Stivers except that he has long since disposed of his interest in the property; that he was interested in it when the sidewalk and slab were constructed; that the slab which is for a sign was put in by a tenant; that the defendant had nothing to do with the insertion of the slab nor with the selection of the materials nor the work in inserting it, nor was it done under his direction nor at his cost, but that it was constructed under the direction of and paid for by the tenant; that since it was constructed, there has been no alteration of it by him or anyone else.

The plaintiff in reply alleged that Heffner obtained his interest in the abutting real estate by inheritance and has had title for many years, and that for many years Heffner lived on the second

floor of the building which he used and occupied as his home, and with the other defendants received the rents, income and profits from the tenants on the first floor of the building; that upon conveying the property he caused to be inserted in the deed of conveyance a provision whereby he retained an interest in the property during his natural life, which was a part of the actual consideration of the conveyance; that he had lived there for many years, and used the sidewalk as a means of egress and ingress to his premises, and that by reason of the circumstances which were open and public, he ought to have known that the advertising slab of marble in the sidewalk rendered it dangerous to pedestrians walking thereon, and knew that in times of snow and rain many people walking on the sidewalk had slipped and fallen on the advertising slab and received injuries; that the defendant with others had jointly maintained the advertising slab in the sidewalk for the use and benefit of the building for many years, and that the plaintiff's fall was caused by their negligence in that respect; that the defendants had continued to use the building, rented it to a drug company and permitted the sidewalk to be and remain in a dangerous condition.

It is contended that the court erred in sustaining the motion of defendants for judgment on the pleadings and rendering judgment in favor of the defendants. A similar question appears to have been considered in *Dixon v. Railway Co.*, 104 Kan. 404, 406, 179 Pac. 548. It was there held that the owner of the abutting property was not liable for personal injuries suffered by a pedestrian through a defect in the sidewalk unless the defect or obstruction was such as to constitute a nuisance. It was said in the opinion that "persons injured through defects in the sidewalk have no ground of action against the abutting owner merely by reason of his ownership." (Citing *Jansen v. City of Atchison*, 16 Kan. 358, 385, 13 R. C. L. 321.)

In *City of Rochester v. Campbell et al.*, 123 N. Y. 405, 25 N. E. 937, it was remarked:

". . . That there seems to have been quite a common impression in which judges and lawyers have shared, that abutting owners are in some way liable to an injured party for damages occasioned from their neglect to keep sidewalks in repair when that duty is in any way enjoined upon them. It seems to us that there could never have been any logical cause for such impression, and it seems it has no foundation in the reported cases. Any other conclusion than that reached by us would, we think, be most unfortunate, as

it would tend to relax the vigilance of municipal corporations in the performance of their duties in respect to the repair of streets and highways, and impose that duty upon those who might be utterly unable to discharge it. It would tend directly to demoralize the public service, and lead to disorder, decay, and the impassability of the public highways." (p. 420.)

In the second paragraph of the syllabus in the Dixon case, *supra*, it was said:

"An ordinance which requires the abutting owner to repair sidewalks, which become dangerously defective, and authorizes the city to make such repairs at his charge, if he fails to do so within ten days of the receipt of an official notice of what has been determined to be necessary, does not render such owner liable to a pedestrian who is injured by reason of the defect in the walk."

In the opinion this language was used:

"The prevailing view is that under such a law a person injured in consequence of a defective walk cannot maintain an action against the owner of the abutting property; the weight of authority to that effect is so great that it may be regarded as definitely establishing the rule. . . . The authorities to which reference has been made declare a liability under the common law on the part of the abutting owner where the defect in the walk by which an injury is caused is due to his own act, on the ground that he has created an obstruction, or a nuisance in the street. . . . In the present case, there was no allegation or proof that the teams which were driven across the walk belonged to or were controlled by the defendant." (pp. 406, 407.)

In denying a rehearing the court further said:

"The rule by virtue of which one who has assumed the duty of keeping a part of the street in repair, in return for some privilege granted, is held liable to persons injured in consequence of his neglect to do so, does not apply to an abutting owner upon whom an ordinance imposes the duty of keeping the sidewalk in repair, with the proviso that in case of his failure to take action, after having been officially notified of the necessity thereof, the city may make the repairs and charge the cost to the property." (p. 787.)

(See, also, 43 C. J. 1104, 1438; 15 A. & E. Encyc. of L. 437; 13 R. C. L. 323 *et seq.*, and note, 41 A. L. R. 212.)

It is insistently argued that the instant case is clearly to be distinguished from those above cited; that the owner of the building owed a duty to build a sidewalk and pay for it, and had to consent to the insertion of the marble slab therein; that he acquiesced in it; received benefits from it, and permitted it to continue for years without abating it. We think the facts are more nearly comparable to those in *Atkinson v. Sheriff Motor Co.*, 203 Ia. 195, 212 N. W. 484, where it was said in the opinion:

"It is a general rule almost universally recognized that an owner or tenant in the occupancy of a building abutting upon a public sidewalk or street, who by some affirmative act or perhaps by some act of negligence creates a nuisance is liable to persons injured in consequence of such nuisance. (Citing authorities.) Instances in which this rule has been applied are numerous, and include excavations and obstructions in streets and highways, coalholes, basement areas and excavations near highways, falling buildings, negligence in building, and many other instances of like character. . . . Neither the owner of a building abutting upon a public street or highway, or his tenant, was charged at common law with the duty to repair such sidewalk or street, or to remove defects therefrom. It follows necessarily that in the absence of a statute or a city ordinance imposing the duty upon a landlord or his tenant to repair the sidewalk and maintain the same in a safe condition, no liability exists on account of injuries occasioned to travelers as the result thereof. (Citing authorities.) . . . The defect in question being only about one and a half inches deep, with gradually sloping sides, and without any elevations likely to trip persons going thereon, did not constitute a nuisance. (Citing authorities.)" (pp. 196-198.)

The court concluded there was no liability because nothing affirmative had been done to cause the depression in the sidewalk. In the instant case there was no action, affirmative or otherwise, on the part of the defendants or either of them. The alleged defect was due solely to the act of the tenant who, for his own purposes and at his own expense, had inserted in the walk the slab carrying his name.

The plaintiff cites and relies upon *City of Topeka v. Sash & Door Co.*, 97 Kan. 49, 154 Pac. 232, where the city recovered indemnity from an abutting property owner whose active fault caused a defective condition in the sidewalk, but we are of opinion the instant case falls within the rule announced in *Dixon v. Railway Co.*, supra, and similar cases, and no good reason appears for changing the rule.

The judgment is affirmed.