No. 33,335

CATHERINE MARTIN MOORE, *Appellee,* v. EDWARD WINNIG and ISRAEL B. WINNIG, *Appellants.*

(66 P. 2d 372)

Opinion filed April 10, 1937.

*Lee Bond,* of Leavenworth, for the appellants.

No appearance was made for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendants appeal from an order overruling their demurrer to plaintiff's petition.

The petition alleged that defendants own and operate a store in a building facing north on Delaware street in Leavenworth. The building has a basement which extends northward under the sidewalk, and . . .

"That in order to provide an entrance into said basement there was constructed in the areaway excavated under the sidewalk and on top of said areaway two iron doors which opened in the center, and which were hinged on each side, and which opened so as to permit the owners of said store building

to deposit coal and other objects in the basement beneath said building, and to remove objects therefrom; that these doors were locked in some manner unknown to this plaintiff, but in such manner as to permit the door to sag or give downward when stepped upon; that the top or tops of these doors were even or flush with the surface of the sidewalk and part thereof and that they were smooth and slippery."

That the areaway and the cellar doors were unlawfully constructed and were unlawfully maintained in violation of provisions of an ordinance of the city, which provisions will be noticed later; that the condition of the sidewalk area and the iron doors leading into the basement constituted a public nuisance, which fact was well known to the defendants; that Delaware street is a principal thoroughfare; that on February 24, 1934, about 9:15 a. m., plaintiff was walking along the sidewalk above mentioned and stepped on the iron door above described, which doorway or covering was covered and concealed by ice and snow which had accumulated thereon, and when she stepped on it the slippery condition of it and the sag it gave when her weight rested on it caused her to slip and fall, as a result of which she sustained injuries for which she sought damages.

Defendants demurred to the petition and appeal from the order of the trial court overruling the demurrer. Appellee makes no appearance in this court and we do not have before us anything showing her argument to the trial court.

The petition purports to allege negligence of the defendants based on the fact that iron doors covering the entrance to the basement were locked in some manner unknown to plaintiff, but in such manner as to permit the door to sag or give downward when stepped upon, or based on the fact the doors were covered and concealed by ice and snow, or that their maintenance was in violation of a city ordinance and constituted a public nuisance, or from a combination of the three. These three elements will be discussed in an inverse order.

Two sections of a certain ordinance are alleged to show that the maintenance of the doors constitutes a public nuisance. One allows to owners or occupants of buildings not more than three feet next to the building for display of wares. The other prohibits all other use of the sidewalks by owners or occupants except for ordinary and usual purpose of travel, except such as is necessary for the purpose of receiving and shipping goods and merchandise. It is obvious that the first section is not applicable here. There is an allegation

in the petition the door in the sidewalk covered an areaway used for receiving goods, which is consistent with and not in violation of the ordinance. It is alleged the condition of the areaway and doors was a public nuisance, which was known to defendants at the time of the accident and had been known to them for many years prior thereto. There is no allegation of any fact that made the maintenance of the doors a nuisance; the facts as pleaded show the areaway and doors were permitted by the ordinance. The mere fact the doors were at the place where plaintiff fell, even if proved, does not prove their maintenance was either negligence or a nuisance. Neither does the petition show that the ice and snow were rough or uneven, nor that such condition existed for any length of time prior to the accident. Considered alone, no actionable negligence with respect to snow and ice was shown. Nor did the fact the walk was slippery make the abutting owner or occupant liable. (See *Evans v. Concordia*, 74 Kan. 70, 85 Pac. 813; *Spear v. City of Sterling*, 126 Kan. 314, 267 Pac. 979; *Speakman v. Dodge City*, 137 Kan. 823, 22 P. 2d 485; *Fields v. City of Leavenworth*, 144 Kan. 207, 58 P. 2d 1065.)

The portion of the petition charging negligence has been quoted above. It will be noted that it is alleged the doors were locked in such manner as to permit the door to sag when stepped upon. It is also alleged the condition had existed for many years. There is no direct allegation the doors were used by the defendants as occupants of the building, although from the allegation as made that possibly may be assumed as against a demurrer. There is no allegation, however, as to how much the doors sagged, whether a fraction of an inch or one or two inches. Bearing in mind that negligence is not to be presumed simply because an accident may have occurred (*Stroud v. Sinclair Refining Co.*, 114 Kan. 74, 58 P. 2d 77), it is apparent that before recovery may be had it is incumbent on a plaintiff to plead and then to prove there was negligence which was the proximate cause of the injury. A slight defect does not furnish basis for actionable negligence. (*Ford v. City of Kinsley*, 141 Kan. 877, 44 P. 2d 255.) In the case before us it is apparent that plaintiff does not rely alone on the sag as the ground of negligence, but couples it with the slippery condition occasioned by the snow and ice, which, so far as the petition alleges, was smooth and even. There is no allegation in the petition which charges the sag

in the door when stepped upon was the proximate cause of the injury.

We note the allegations of the petition are indefinite as to whether defendants are the owners of the real estate or as to whether they are sued as owners or as occupants. Such allegations as the petition contains are not sufficient to charge that the construction and maintenance of the doors constituted a nuisance. An owner of abutting property is not liable for injuries suffered by a pedestrian caused by a defect in the sidewalk unless the defect was such as to constitute a nuisance. (*Dixon v. Railway Co.*, 104 Kan. 404, 179 Pac. 548; *Spear v. City of Sterling*, supra.)

We conclude the petition did not state a cause of action and that appellants' demurrer should have been sustained.

The case is reversed and remanded to the lower court with instructions to sustain the demurrer.