### KANSAS GAS & ELECTRIC CO. v. EVANS.
#### No. 1680.

Circuit Court of Appeals, Tenth Circuit.
Dec. 22, 1938.

It was about 42 inches square, positioned in a steel frame fastened with hinges on opposite sides of the frame, opened in the center, and was laid almost flush with the walk. While walking along the sidewalk in December, 1934, plaintiff fell and sustained serious permanent injuries. She sued the Gas and Electric Company and the Hotel Company jointly, but she subsequently dismissed as to the Hotel Company. The jury returned a verdict against the Gas and Electric Company, and judgment was entered upon it. The appeal is from such judgment.

One act of negligence pleaded was that the vault door was so constructed and maintained that it projected approximately one-half of an inch above the level of the walk; that such projection, in conjunction with ice and sleet which had formed on the door, constituted an extreme hazard to the public in general and to plaintiff in particular; that the company knew or through the exercise of ordinary care should have known of such condition; that it failed to inspect such manhole and repair its defective condition; and that plaintiff struck such projection with her foot which caused her to fall and suffer the resulting injuries. The only evidence which could be construed as relating even remotely to the projection above the walk indicated that it was half of an inch or less in extent.

It is contended that such condition did not constitute actionable negligence for which plaintiff can have damages. The question must be determined by the law of Kansas. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Ruhlin v. New York Life Insurance Co., 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290. Two decisions by the supreme court of that state are deemed decisive. The sidewalk at which the accident under consideration in Ford v. City of Kinsley, 141 Kan. 877, 44 P.2d 255, occurred was constructed of cement blocks about 3 feet square. One adjacent to the curb sagged below the level of the others. The sag varied in extent from half to three-fourths of an inch. Plaintiff, a woman fifty years of age, stepped on the depressed block in walking from a store to her parked automobile. Her ankle turned which caused her to fall and she sustained injuries. The court reviewed cases from other states, overruled one of its earlier decisions insofar as it was at variance with the con-

Blatchford Downing, of Kansas City, Mo., and Glenn Porter, of Wichita, Kan. (McCune, Caldwell & Downing, of Kansas City, Mo., and Hart, Porter & McDonald, of Wichita, Kan., on the brief), for appellant.

Allen Burch, of Wichita, Kan. (Fred Aley, Brooks, Fleeson & Aley, and Burch, Cowie & Martz, all of Wichita, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

This is a suit for damages. The Kansas Gas and Electric Company constructed an underground vault beneath the concrete sidewalk immediately north of the Allis Hotel in Wichita, Kansas, and installed therein transformers, network reducers, and auxiliary equipment for use in serving electric energy to its customers in adjacent buildings. The vault was covered with a steel or iron door in two parts, commonly referred to in the record as a manhole.

clusion there reached, and held that a depression of that kind and to that extent was too casual and inconsequential to constitute an actionable defect. But plaintiff urges that while that rule may obtain in an action against a municipality it does not apply in a suit against private corporation who makes a change in the sidewalk for its own use or purpose, for the reason that it is required to maintain it in a suitably safe condition for the public to use as a part of the walk. The cases of Phillips Petroleum Co. v. Childress, 10 Cir., 78 F. 2d 861, and Joel v. Electrical Research Products, Inc., 2 Cir., 94 F.2d 588, are cited to sustain the position. So far as this case is concerned the answer is found in Moore v. Winnig, 145 Kan. 687, 66 P.2d 372. There plaintiff alleged that defendants maintained two iron doors in the sidewalk which constituted the entrance to an areaway leading to the basement underneath a store building; that such doors were even or flush with the sidewalk; that they were locked in a manner which permitted them to sag or give downward when stepped upon; that they were covered and concealed with ice and snow which had accumulated upon them and were in a slippery condition; that while walking along the sidewalk plaintiff stepped upon them; and that they sagged under her weight with the result that she slipped, fell, and sustained injuries. The court cited Ford v. City of Kinsley with approval, and held that the defect pleaded was too slight and inconsequential to constitute actionable negligence on the part of the owners of the building and doors. The doctrine thus clearly expounded in these cases has controlling application here. The projection of the vault door or manhole of only half an inch or less above the level of the sidewalk was too slight, casual, and inconsequential to constitute actionable negligence for which plaintiff can recover.

The other act of negligence pleaded in the amended petition on which the case was tried was that the vault door was defective and dangerous for the reason that it was constructed of solid plate with improper and ineffective raised portions or corrugations thereon which caused it to be unusually slick and dangerous when ice, snow, slush, or sleet came in contact with it; that the raised portions or corrugations were improperly constructed and remained in a defective condition due to the fact that they had rounded edges on both sides and on both ends, and ran parallel with the stream of traffic instead of running at right angles with it; and that for such reasons they did not afford any resistance to plaintiff and other pedestrians from slipping but on the contrary had the effect of increasing the danger of slipping and falling. Defendant contends that this element of negligence is barred by the two-year statute of limitations. Section 60-306, Kansas Statutes, 1935.

The only act of negligence specifically pleaded in the original petition as to the Gas and Electric Company was in the projection of the door above the flush of the sidewalk and in permitting it to remain in that condition. A motion was filed to require plaintiff to make her petition specific, definite, and certain in several respects, one being to set forth the facts on which she relied and based her claim that the cover was in a defective condition. An order was entered sustaining the motion in respect to that matter and on the same day plaintiff filed an amendment to her petition in which she affirmatively alleged with definiteness and certainty that she based her claim that the cover was in a defective condition on the fact that it projected above the level of the sidewalk, and that such projection with ice and sleet which had formed upon it constituted an extreme hazard to the public in general and to plaintiff in particular. The amendment was silent in respect to corrugations. No reference was made to them. The first allegations concerning them were contained in the second amendment to the petition which was filed more than two years after the cause of action accrued.

It is generally held that an amendment made after the statute has run is not open to objection for introducing a new cause of action where it amplifies or expands the allegations contained in the former pleading or where it merely alleges more fully and in different language the gist of the action previously pleaded. Plaintiff seeks to invoke this doctrine. She argues that the general allegation in the original petition that defendant was negligent in allowing the door to remain in a defective condition was broad enough to include the defect in the corrugations and that the amendment was merely in amplification or expansion of such general allegation. But that will not do. When required to make her pleading definite and specific

by setting forth the facts on which she based her claim that the cover was in a defective condition, she affirmatively pleaded in her first amendment to the petition that it was based upon the fact that the door projected above the level of the walk and that such projection, coupled with ice and sleet which had formed upon it, constituted a hazard. She failed to mention in any form the corrugations. That pleading was somewhat in the nature of a bill of particulars. Having thus pleaded specifically concerning the issue, she cannot be heard to say that the general allegation was broad enough to cover the defect in the corrugations.

A fair test in determining whether an amended pleading introduces a new cause of action is whether evidence tending to support the facts alleged could have been introduced under the former pleadings. It seems clear that had the case gone to trial on the original petition and the first amendment thereto, plaintiff could not have introduced evidence to show that the shape and form of the corrugations or the manner in which they ran with reference to the stream of traffic created a slick, slippery, dangerous, or hazardous condition. All evidence of that nature would have been foreign to the issue of negligence in constructing and maintaining the door at an elevation above the walk. The second amendment contained allegations relating to the same door and the same accident. But striking with the foot an obstruction in the form of a vault door elevated above the level of the walk as charged in the original petition, and thus be thrown off balance and fall is one thing; but stepping on the surface of a door that has defective corrugations which contributes to a slick and slippery condition, and thus slip and fall is another. The amendment introduced a new cause of action in respect of negligence arising out of the condition and arrangement of the corrugations. St. Louis & S. F. R. Co. v. Elrod, 78 Kan. 868, 98 P. 215; Elrod v. St. Louis & S. F. R. Co., 84 Kan. 444, 113 P. 1046; Niccum v. Atchison, T. & S. F. Ry. Co., 147 Kan. 645, 78 P.2d 1. The amendment having been filed more than two years after the accident occurred, the plea of limitation should have been sustained.

The judgment is reversed and the cause remanded.