BERNIE BLACKSTONE, Executor of the Estate of Luzettie Blackstone, Deceased,

*Plaintiff and Appellant,*

vs.

FIRST NATIONAL BANK OF CODY, a national banking corporation,

*Defendant and Respondent.*

(No. 2390; April 13th, 1948; 192 Pac. 2d. 411)

For the plaintiff and appellant, the cause was submitted upon the brief of Littleton and Steadman of Cody, Wyoming.

For the defendant and respondent, the cause was submitted upon the brief of Goppert and Housel of Cody, Wyoming.

## OPINION

BLUME, Justice.

This action was brought on January 31, 1947, by

Bernie Blackstone, executor of the Estate of Luzettie Blackstone, deceased, against the First National Bank of Cody, to recover judgment on a certificate of deposit hereinafter mentioned, and which is claimed to be unpaid. The defendant answered, pleading the statute of limitations, as well as payment of the certificate of deposit in suit herein. A jury was impaneled to try the case, but the trial judge directed the jury to return a verdict in favor of the defendant. That was done, and from the judgment rendered accordingly the plaintiff in this case has appealed to this court.

Luzettie Blackstone, to whom the certificate of deposit above mentioned was issued, died on March 27, 1946, and Bernie Blackstone was duly appointed executor of her last will and testament. The certificate of deposit issued to her is in words and figures as follows, to-wit:

"First National Bank          $3000.00
Cody, Wyo., Apr. 28, 1926.

LUZETTIE BLACKSTONE has deposited in this Bank the sum of $3000, payable to the order of herself on the return of this Certificate properly endorsed 6 or 12 months after date with interest at the rate of 4½ per cent per annum. No interest after maturity.
No. 7632.          (Signed) F. F. McGee, V. P. Cashier.

> To continue this deposit beyond time mentioned herein, The Certificate must be returned to the Bank for renewal. This deposit is not subject to Check."

Contained in the record also are two other certificates of deposit, each for $3067.50. One is dated October 30, 1926, duly stamped paid on May 7, 1927. The other certificate is dated May 7, 1927, duly stamped paid on November 4, 1927. There was introduced in evidence the ledger account of Luzettie Blackstone in the First National Bank of Cody, Wyoming, which indicates that

either one or two other certificates of deposit of $3067.-50 were issued to her, but which was or were finally paid on December 6, 1928, as shown by the ledger account above mentioned and by the memorandum which appears in connection therewith. There was also introduced in the record the daily balance record of the defendant bank relating to the dates hereinafter mentioned. The witness McGee, vice president of defendant bank, testified that the certificate of deposit sued on herein was paid by the certificate of deposit dated October 30, 1926, which was for the sum of $3067.50, and included ,in addition to the $3000.00 represented by the certificate of deposit sued on herein, interest for six months at the rate of $4\frac{1}{2}\%$, namely the sum of $67.50. He testified that the deceased came into the bank on October 30, 1926, and claimed that she had lost the certificate sued on herein; that he thereupon caused the deceased to sign a statement to the effect that the certificate had been lost, and that she agreed to reimburse the bank for any loss which it might sustain at any time in the future by reason of issuing any new certificate. He had not, however, been able to find the statement. The witness Lyon who is the national bank examiner testified that when he examined the bank he found in the bank a bond executed by the deceased to protect the bank by reason of the foregoing facts. It is not necessary herein, however, to distinguish between a mere statement to protect the bank and a bond to that effect. It may be that the witness Lyon construed the simple agreement on the part of the deceased as constituting a bond.

I.  Counsel for appellant complain that the witness Lyon, national bank examiner, was put upon the witness stand, and that he served as a mere "window-dressing". Counsel for the bank attempted to introduce in evidence a copy of the examination of the bank which had been made by the witness. The court ex-

cluded it, and we are unable to see that the testimony of the witness, aside from that already mentioned, was of any importance. Counsel also complain that the court made the statement that it had been stipulated that the report of the witness Lyon was the report of the condition of the defendant bank on April 6, 1927. Counsel say that they made no such stipulation. The record, however, shows no objection to the statement of the court when it was made. Counsel also complain that the witness McGee was permitted to testify over objection of the plaintiff substantially to the effect that the plaintiff had brought the action herein only for the purpose of protecting himself against an action which might be brought by the heirs of the deceased. However, the witness Messenger, at question 663, testified to substantially the same matter without any objection whatever. The claim that the jury was prejudiced by reason of any of the foregoing matters is, of course, immaterial in view of the fact that the trial judge directed the jury to bring in a verdict in favor of the defendant, and the question herein is as to whether or not that direction was properly made.

II. No evidence was introduced by the plaintiff to show the non-payment of the certificate of deposit. When, however, he introduced the certificate of deposit in evidence which on its face did not show payment, he made a prima facie case, (48 C. J. 687, Sec. 189) casting the burden of proof of payment on the defendant bank unless the prima facie case was overcome by a presumption, namely by the fact that no demand for payment had been made thereon for the period of substantially 20 years. On the subject of that presumption see Annotation 1 A. L. R. 779 to 831, 40 Am. Jur. 875 to 881, 48 C. J. 690 to 698. It is said that the presumption is one of law requiring positive proof of non-payment to overcome it. Note 1 A. L. R.

829, 40 Am. Jur. 877. Generally the period to give rise to the presumption is 20 years, but in some states it is less than that. 40 Am. Jur. 880 to 881. The time from which the presumption begins to run is said to be when the debt is due or demandable. 40 Am. Jur. 881, 1 A. L. R. 827. There is a dispute herein as to when the debt became demandable. Counsel for plaintiff claim that the date is April 28, 1927, while counsel for the defendant bank claim that it was on October 28, 1926, more than 20 years before the action herein was brought. As heretofore stated ,the deceased died on March 27, 1946, before the 20-years' period had run, and we are not certain as to what effect that should have on the computation of time. We think we need not determine whether or not the fact of so long a lapse of time as herein shown rises to the dignity of a presumption of law requiring positive evidence of non-payment. It constitutes, at least, we think, corroborative evidence of no mean importance of the oral testimony for the defendant bank herein and of the correctness of the documentary evidence introduced in the case. See 40 Am. Jur. 881. The ledger account which the deceased had in the defendant bank and which, in so far as introduced in evidence in this case, runs for approximately ten years after April 28, 1926, discloses, by deposits of interest and otherwise, evidence as to the existence of certificates of deposit other than the one sued on herein, but it does not contain, so far as we can see, a single trace of the certificate of deposit sued on herein, and that is strange if the deceased considered it to be valid and in force. Deceased promptly collected and deposited her interest on other certificates of deposit and had them renewed, but was strangely oblivious to the existence of the certificate of deposit sued on herein if she expected payment thereon in money. She seems, according to the evidence herein, to have been careful in other financial matters, making

various loans and keeping an open account constantly in defendant bank, so that it is difficult to believe that she forgot about a loan of $3000.00, knowing that it ceased to draw interest after the expiration of a year.

We may, however, for the purpose of this case, admit that the foregoing facts and the oral testimony in this case alone were not sufficient to justify the trial judge to direct the jury to return a verdict for the defendant. But they do not stand alone. In fact the documentary evidence in this case is of controlling importance herein. As already shown, the deceased received a certificate of deposit on October 30, 1926, for $3067.50. The defendant bank is not a charitable institution. Hence one of two things must necessarily be true: either the deceased furnished money to the bank so as to be able to get the foregoing certificate of deposit, or on the other hand the certificate issued on that day was a renewal or substitution of the certificate sued on herein. Her ledger account in the bank shows conclusively that she did not furnish the money from her open account. On October 30, 1926, she deposited the sum of $500.00, drew against it only the sum of $200.00, and her total balance at the end of that day was $1577.11. Nor did she furnish cash or the equivalent thereof so that the certificate of deposit might be issued. If she had done so, the fund representing the certificates of deposit in the bank should have been increased by that amount. But it was not so increased. The daily balance sheet of the bank introduced in evidence herein shows that at the close of October 29, 1926, the total amount of certificates of deposit issued by the bank was $58,984.75; at the close of October 30, 1926, the amount stood at $59,652.25, which was an increase and difference of $667.50. Of that amount the sum of $600.00 had been deposited by one O. L. White, as shown by the cancelled certificate of deposit issued

to him on that date and introduced in evidence in this case. Hence the increase on October 30, 1926, aside from this $600.00, was only the sum of $67.50, an amount exactly equivalent to $4\frac{1}{2}\%$ interest on $3000.-00 for the period of six months. If, as the foregoing conclusively shows, deceased furnished no money to the bank to obtain the certificate of October 30, 1926, the other alternative above mentioned must necessarily be true. The witness Trimmer testified that the certificate of deposit of October 30, 1926, *must* have included the $3000.00 evidenced by the certificate of deposit sued on herein, plus the interest stipulated therein. We think that the witness was right. We see no escape from that conclusion.

We are not unmindful of the rule that a pre-emptory instruction directing a verdict is properly given only where there is no issue of fact in the case or where there is no evidence sufficient to support a verdict contrary to the one directed, and where reasonable minds could draw only one inference from the evidence. 53 Am. Jur. 285, Sec. 355. In ohter words, as stated in 53 Am. Jur. 280, Sec. 348, the question "whether a party is entitled to a directed verdict depends upon whether in the particular case reasonable men could reach a different conclusion." If only one inference or conclusion can be drawn then it is proper for the court to direct a verdict. Calich vs. Oregon Short Line R. Co. et al., 54 Wyo. 123, 87 Pac. 2d 27. See 64 C. J. 458, 459, 53 Am. Jur. 287, 288. The rule applies when the case revolves round an affirmative defense by the defendant as well as in other cases. The defendant upon whom rests the burden of such defense "may make out his case with the measure of certainty that entitles him to a ruling of the court against the plaintiff, taking the case from the jury." Spaulding vs. Mutual Life Ins. Co. of New York, 94 Vt. 42, 109 Atl. 22. See also 64 C.

J. 459 and notes. In the case at bar only one inference can be drawn, namely that the certificate of deposit sued on herein was paid by the certificate of deposit of Oct. 30, 1926, unless someone tampered with the books of the bank. There is no sign of that from an inspection of the photographic copy in evidence herein, nor is any such claim made by counsel for the plaintiff.

In view of the foregoing conclusion, it is not necessary to pass upon the motion to dismiss this appeal, filed by the defendant bank herein on the gound of some procedural matters. Nor need it be determined whether or not the action herein was barred by reason of any statute of limitations.

It follows that the judgment of the trial court must be affirmed, and it is so ordered.

RINER, C. J., and KIMBALL, J., concur.