**Betty Jo Ward DUNN, Appellant,**

v.

**KANSAS GAS AND ELECTRIC COMPANY, Appellee.**

**No. 5183.**

United States Court of Appeals. Tenth Circuit.

Nov. 14, 1955.

Rehearing Denied Dec. 12, 1955.

---

1. There is no legal basis for the separate claim of the appellee for unjust enrichment.

Fred J. Freel and Robert L. Robertson, Kansas City, Mo. (Roy Angle, Wichita, Kan., was with them on the brief), for appellant.

Stanley Garrity, Kansas City, Mo. (Caldwell, Downing, Garrity & Eastin, Kansas City, Mo., and Hershberger, Patterson, Jones & Thompson, Wichita, Kan., were with him on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Betty Jo Ward, later Betty Jo Ward Dunn, instituted this action against Kansas Gas & Electric Company to recover damages for personal injuries. The negligence charged in the complaint was that the defendant maintained in the sidewalk in Wichita, Kansas, a certain manhole cover which had become smooth through wear; and that when wet such manhole cover was so slick that it could injure anyone stepping upon it. The defendant denied negligence; pleaded assumption of risk; pleaded contributory negligence; and pleaded that the condition of the manhole cover was due solely to the natural elements of rain, snow, sleet, and ice. The case was tried to a jury. These facts were developed. Plaintiff operated a small store in Wichita. The manhole cover was immediately in front of her place of business. Its nearest point was only about 11 inches from the door, and about one-half of it extended into the door opening. The manhole cover was of cast iron, was flush with the sidewalk, and apparently was installed shortly after the enactment of a city ordinance in 1925 requiring the placing of electric wires underground in the downtown area. Originally it was of the diamond tread design but through continued use it had become partially worn with some resulting slickness when wet. On the morning in question there was snow on the ground and it was still snowing. Plaintiff was on her way to open her business. She alighted from an automobile at the curb in front of the store and started walking carefully across the sidewalk to the door. Due to the snow, the manhole cover was invisible. Plaintiff stepped upon it, slipped, fell, and was injured. The court sustained the motion of the defendant for a directed verdict. Judgment was entered, and plaintiff appealed.

■ The judgment is challenged upon the ground that the evidence adduced at the trial presented an issue of fact in respect to negligence on the part of the defendant and that therefore the trial court fell into error in directing the verdict for appellee. It is well settled that ordinarily the question whether culpable negligence on the part of the defendant has been proved is for the jury; that in determining the sufficiency of the evidence to take the case to the jury the evidence and the inferences fairly to be drawn from it, viewed in the light most favorable to plaintiff, must be taken as true; and that the countervailing evidence, if any, must be disregarded. That firmly established rule has been reiterated so frequently and with such unanimity that it has almost become a judicial canticle. Long v. Clinton Aviation Co., 10 Cir., 180 F.2d 665; Chicago, Rock Island & Pacific Railroad Co. v. Consumers Co-operative Association, 10 Cir., 180 F.2d 900, certiorari denied 340 U.S. 813, 71 S.Ct. 42, 95 L.Ed. 598; Bailey v. Slentz, 10 Cir., 189 F.2d 406; Whittington v. Mayberry, 10 Cir., 190 F.2d 703; United States v. Blair, 10 Cir., 193 F.2d 557.

■ When the evidence relating to negligence is such that fair minded men of experience may reasonably draw different conclusions therefrom, the question is one of fact for the jury. But if the facts are free from conflict and the inferences fairly to be drawn from them are plain, it is the province and duty of the court to determine the question as a matter of law. Cities Service Oil Co. v. Harvey, 10 Cir., 148 F.2d 780; Saindon v. Lucero, 10 Cir., 187 F.2d 345, certiorari denied 342 U.S. 824, 72 S.Ct. 43, 96 L.Ed. 623; Greiving v. La Plante, 156 Kan. 196, 131 P.2d 898.

■ Federal jurisdiction of the case has its source in diversity of citizenship with the requisite amount in controversy, and therefore the question whether the action of the appellee in continuing in use the manhole cover after it had become smooth from wear with resulting slickness when wet constituted culpable negligence must be determined by reference to the law of Kansas. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Ruhlin v. New York Life Insurance Co., 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290; Kansas Gas & Electric Co. v. Evans, 10 Cir., 100 F.2d 549, certiorari denied 306 U.S. 665, 59 S.Ct. 790, 83 L. Ed. 1061.

■ In the presentation of the crucial question whether the action of the appellee in continuing in use as a part of its utility system the particular manhole cover in question after it had become smooth from wear with resulting slickness when wet constituted actionable negligence, the parties cite and discuss numerous cases. One of them seems to chart our course. In Moore v. Winnig, 145 Kan. 687, 66 P.2d 372, 373, it was alleged in plaintiff's petition that the defendant owned and operated a certain store building; that the building had a basement which extended under the adjoining sidewalk; and that in order to provide an entrance into the basement there was constructed in the area excavated under the sidewalk and on top of the areaway two iron doors. It was further alleged that the iron doors were flush with the sidewalk; that they were hinged on the sides; that they opened in the center; and that they sagged or gave downward when stepped upon. It was further alleged that on the day in question the doors were covered and concealed by ice and snow which had accumulated thereon; and that they were smooth and slippery. And it was further alleged that plaintiff stepped on the doors; that they sagged; and that plaintiff slipped, fell, and sustained personal injuries for which she sought damages. A demurrer was lodged to the petition containing these allegations. The demurrer was denied, and the defendants appealed. On appeal, it was held that the petition failed to state a cause of action and that the demurrer should have been sustained. And in the course of its opinion the court said: "Neither does the petition show that the ice and

snow were rough or uneven, nor that such condition existed for any length of time prior to the accident. Considered alone, no actionable negligence with respect to snow and ice was shown. Nor did the fact the walk was slippery make the abutting owner or occupant liable." That case has been cited with approval in three later cases decided by the Supreme Court of Kansas. Biby v. City of Wichita, 151 Kan. 981, 101 P.2d 919; Pierce v. Jilka, 163 Kan. 232, 181 P.2d 330; Wright v. City of Wichita, 174 Kan. 686, 257 P.2d 1115, 41 A.L.R.2d 732. And it was expressly followed by this court in Kansas Gas & Electric Co. v. Evans, supra. It may be that Moore v. Winnig is not completely in harmony with the channel of judicial pronouncements elsewhere, but it blueprints the law in Kansas and we are under the duty to follow it. Measured by that case as the controlling yardstick, the evidence failed to establish culpable negligence for which the action for damages would lie and therefore the court properly directed the verdict.

The judgment is affirmed.

MURRAH (dissenting).

I quite agree that under Kansas law a utility company, like a municipality, is not liable to a pedestrian for slight defects or variations in the surface of its manhole cover. See Blankenship v. Kansas City, 156 Kan. 607, 135 P.2d 538. But there is nothing in that salutary doctrine or the Kansas cases adhering to it which requires or justifies a directed verdict on the grounds that a manhole cover can never become so smooth and slippery as to create a dangerous condition for which one charged with its maintenance could be liable in tort. Whether intentionally or not, we have by this decision, undoubtedly so construed Kansas law. And this construction is inconsistent with the fundamental duty to maintain the manhole cover in a reasonably safe condition.

The plaintiff testified that after alighting from her car at the curb, she walked carefully across the snow-covered sidewalk and onto the manhole cover at the entrance to her place of business; and that she slipped and fell, causing injuries. Two manhole covers were introduced in evidence, one a standard type with a diamond-treaded surface; the other one, involved here, was worn and smooth. The question was whether by reason of wear the manhole cover, wet from snow, created a hazardous condition for which the utility would be liable. In my judgment, these facts presented a question for the jury under proper instructions.