**Elmer S. NELSON and Mabel R. Nelson, Appellants,**

**v.**

**Thomas BRAMES and Marilyn C. Brames, Appellees.**

**No. 5731.**

United States Court of Appeals Tenth Circuit.

Feb. 19, 1958.

---

Albert E. Nelson, Rock Springs, Wyo., and A. G. McClintock, Cheyenne, Wyo., for appellants.

Glenn A. Williams, Cheyenne, Wyo. (A. Joseph Williams, Cheyenne, Wyo., on the brief), for appellees.

Before MURRAH, LEWIS and BREITENSTEIN, Circuit Judges.

MURRAH, Circuit Judge.

This is the second appeal from a judgment for the defendant on a jury verdict in this damage suit, arising out of a two-car highway collision in Wyoming. The head-on collision which caused the damage occurred after the defendant-appellee's car "skidded" or "bounced" over into the plaintiff-appellant's traffic lane. See Id., 10 Cir., 241 F.2d 256. The appellant was without fault. And, the question here is whether the trial court erroneously refused to direct a verdict of liability on the ground that the undisputed testimony concerning the cause of the skid convicted appellee of negligence as a matter of law.

When the case was here on the former appeal, we stated, following Wyoming law, that "there is no actionable negligence where without fault on the part of the driver an automobile skids across the center line of the highway to the left side thereof and collides with another motor vehicle, but that the burden rests upon such driver to show that he was there without any act of commission or omission which constituted fault on his part." In other words, the presence of the defendant's car in the plaintiff's traffic lane at the time of the collision was prima facie negligence, and it was incumbent upon him to show that he was there from causes or things beyond his control; that his skidding was not due to any negligent act on his part. See Wallis v. Nauman, 61 Wyo. 231, 157 P.2d 285; Larkins v. Kohlmeyer, 229 Ind. 391, 98 N.E.2d 896; Satterlee v. Orange Glenn School District, 29 Cal.2d 581, 177 P.2d 279, 283. No complaint is made of the refusal or failure of the trial court to so instruct the jury. Indeed, the instructions have not been brought here for review. Nor is the basic testimony disputed. Only the permissible inferences to be drawn therefrom are challenged.

The defendant testified that on the date of the accident, he was traveling westerly about thirty miles an hour upon a snow and ice covered highway near Rock Springs, Wyoming; that the thirty-foot roadway was rough, corrugated, rutted, but straight, unobscured and slightly inclined; that when he was about 150 feet from the oncoming plaintiff's car, his car hit something like a "rut" a "block of ice", a "hole in the

road", "something like hitting a curb", causing the rear end of his car to "skid or bounce * * * violently" about 10 feet over into the plaintiff's traffic lane. He immediately turned his front wheels with the skid and toward the left lane. When the skid stopped, the front end of the car was slightly in its lane and the rear end was in the left or plaintiff's lane. Before the defendant could move back into his traffic lane, the plaintiff's car struck his about one or two feet forward the front door.

■ Whether judged by the Wyoming or Federal rule, a peremptory instruction directing a verdict is proper only when but one inference or conclusion can be drawn from the evidence. Blackstone v. First National Bank of Cody, 64 Wyo. 318, 192 P.2d 411; Hawkins v. L. C. Jones Trucking Co., 68 Wyo. 275, 232 P.2d 1014. When fair minded persons may form different opinions and draw different conclusions and inferences from facts, the question of negligence is for the jury. Globe Cereal Mills v. Scrivener, 10 Cir., 240 F.2d 330; Dunn v. Kansas Gas & Electric Co., 10 Cir., 227 F.2d 939. And, the rule applies with equal force to an affirmative defense by the defendant, as well as in other cases. Blackstone v. First National Bank of Cody, supra.

■ Emphasizing the crucial point whether the defendant was exercising due care when his car went into the skid, appellant suggests the absence of any evidence showing the circumstances which would have prevented the defendant from having seen and avoided striking whatever object caused him to bounce or skid out of control. The evidence is said to explain what he did after the skid, not what he did to prevent the chain of events which resulted in the collision. In other words, the jury, says the appellant, were left to surmise that he was exercising due care to prevent the skid.

But, the defendant testified without objection that when he hit the object which threw his car out of control, he was traveling about thirty miles an hour, watching the road ahead closely, and he could not see any difference in the condition of the highway immediately ahead and that over which he had been traveling for the past seven or eight miles. In these circumstances, we think the jury was properly permitted to infer that the collision was unavoidable. The judgment is affirmed.