**Ralph L. RAWDON and Mary Ann Rawdon, Appellants,**

v.

**Harold Eldon STANLEY, Appellee.**

No. 71-1347.

United States Court of Appeals, Tenth Circuit.

Feb. 25, 1972.

Watson & Watson, Drumright, Okl., on brief, for appellants.

Donovan, Freese & Downing, Tulsa, Okl., on brief, for appellee.

Before SETH and DOYLE, Circuit Judges, and MECHEM, District Judge.

SETH, Circuit Judge.

This is an appeal from a personal injury diversity action arising from an automobile accident which took place in Oklahoma.

The facts concerning the accident are undisputed. Mary Ann Rawdon, one of the plaintiffs, was driving alone when she approached and stopped at a four-way stop intersection marked by signs and an overhead flashing red light. She then proceeded into the intersection, and the defendant, who admitted that he had not seen the signal until it was too late, ran into the left rear portion of the Rawdon car. There was no damage to the defendant's car, and damage to the Rawdon car was estimated at $277. Both cars were operational after the accident, and no one appeared to be injured at the time.

Plaintiffs, who are husband and wife, asserted separate causes of action in the complaint. Mrs. Rawdon sued on a personal injury claim for damages arising from disability and pain and suffering. Mr. Rawdon sued for damages arising from his wife's medical expenses, the cost of automobile repair, and loss of consortium.

The only factual dispute at trial revolved around Mrs. Rawdon's alleged injuries. The record shows that some three weeks after the accident Mrs. Rawdon consulted her doctor. This was the first time after the accident she had seen him, and she complained of intermittent pain in the middle and lower back. X-rays were negative, and although she visited the doctor twice again within the next two weeks no treatment was given. During the following months she had occasion to visit her doctor for unrelated reasons, but she did not complain of back pain at these visits.

After suit was filed she had a physical examination at the request of her attorney, and at the request of defense counsel she was further examined by an orthopedic surgeon. Her doctor took no x-rays, but concluded that she had a sprain in the left sacroiliac area and that because the symptoms had persisted it was probable that the difficulty would degenerate into a chronic process. The doctor engaged by the defendant testified that his x-rays revealed a spur on the left sacroiliac joint most likely resulting from a ligament injury. In general his examination revealed essentially normal reflexes, muscle tone, and body motion; he did note that pressure on the sacroiliac joint caused mild distress, but he found no medical reason for her complaint.

The motion of both plaintiffs for a directed verdict was denied. The case was submitted and the jury returned two verdicts, one denying entirely Mrs. Rawdon's personal injury claim, and the other awarding Mr. Rawdon $397, the stipulated amount of automobile damage and medical expenses already incurred for his wife's examinations. No recovery was given for loss of consortium. Plaintiffs' motion for a new trial was denied. On appeal the plaintiffs maintain that the personal injury verdict ignored credible and unimpeached lay and medical evidence, and that the trial judge should have directed a verdict as to the "negligence and liability" of the defendant. Appellee on the other hand argues that the evidence of personal injury was dubious, that the jury chose to believe that Mrs. Rawdon incurred no injury as a result of the accident, and that plaintiff, Ralph Rawdon, simply failed to prove loss of consortium.

■■ Appellants' assertion that the personal injury verdict ignored unimpeached credible evidence is without merit. The testimony relating to Mrs. Rawdon's personal injury claim and her ability to function as a housewife and mother was conflicting and subject to various inferences. Unimpeached credible evidence may not be disregarded by the trier of fact. Browning v. Crouse, 356 F.2d 178 (10th Cir.). The record here reveals that the evidence as to injury was equivocal in nature, and the determination of facts therefrom was well within the province of the jury. Lopez v. Denver & Rio Grande Western R. R., 277 F.2d 830 (10th Cir.).

■ Appellants contend that the trial judge should have directed a verdict as to defendant's "negligence and liability," submitting only the measure of damages to the jury. However, appellants confuse the defendant's alleged negligence and liability with the mere fact that he caused the collision. It is fundamental that a cause of action from which liability will follow requires more than negligent conduct. Generally, the ". . . mere act of negligence is not legally tortious and becomes an actionable wrong . . . only when harm results to the claimant. Damage is the last event necessary to impose liability." Manemann v. United States, 381 F.2d 704 (10th Cir.). In the case at bar the sole defense was that the plaintiff, Mrs. Rawdon, sustained no injury as a result of the accident. In recognition of the fact that liability in negligence is incomplete lacking adequate proof of injury, the trial judge stated in his instructions that actionable negligence consists of a duty, the failure to perform that duty, and *actual injury* or damage proximately resulting from the failure to perform such duty. He further instructed the jury to find for the defendant against the plaintiffs if ". . . Plaintiff Mary Ann Rawdon did not receive any personal injuries from or require any medical expense because of the collision, . . . ." The question of injury was a factual element in plaintiffs' cause, and since more than one inference could have been drawn from the evidence, a verdict should not have been directed and the issue was properly before the jury. Miller v. Brazel, 300 F.2d 283 (10th Cir.); Nelson v. Brames, 253 F.2d 381 (10th Cir.).

The result is seemingly anomalous: damages have been awarded to Mr. Rawdon for medical expenses, while the jury concluded that Mrs. Rawdon suffered no personal injury. The trial court was aware of this seeming conflict also, and before discharging the jury, counsel were called to the bench to dispose of the problem; both agreed there was no inconsistency in the verdicts. Thus the jury here apparently allowed Mr. Rawdon the expenses incurred for the medical examination of his wife, made to determine if she was injured, and if treatment was necessary.

Affirmed.