**Lonnie HACK, Appellant (Defendant below),**

v.

**Jeanette PICKRELL, Appellee
(Plaintiff below).**

No. 4218.

Supreme Court of Wyoming.

Oct. 25, 1973.

R. R. Bostwick, of Murane, Bostwick, McDaniel, Scott & Greenlee, Casper, for appellant.

Harry E. Leimback and Ronald W. Hofer, of Leimback, Aspinwall & Hofer, Casper, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and Mc-CLINTOCK, JJ.

GUTHRIE, Justice.

Appellant herein asks this court to reverse and set aside a jury verdict and judgment in favor of appellee for injuries suffered in an automobile accident on November 3, 1970, in Casper, Wyoming.

The factual situation is simple. At approximately 5 p. m. on the day of the accident appellee, plaintiff below, was going to the Holiday Inn, where she was employed. She was coming from the western part of Casper and was driving easterly upon the service road, which is immediately north of Interstate Highway 25. As she approached the access road which led to her place of employment she slowed down to a speed of from five to ten miles per hour, turned on her signal light to indicate a left turn, and not seeing any traffic approaching from the east turned left into the access road which led to the Holiday Inn. At a point upon the north side of the main service road appellant, defendant below, ran into her car with the right front fender of his car hitting her right rear fender. Appellee had not seen appellant or his car at the time she looked before making the turn nor at any time prior to the impact. The traveled portion of this east and west road was 24 feet wide and there was no obstruction of vision to either west or east of the intersection for some considerable distance. It was not dark but "between daylight and dark." The speed limit on this road was 30 miles per hour and appellant immediately after the accident said that he was going too fast. At no time in his testimony did he ever say how fast he was driving and he did not deny he was exceeding the speed limit. Appellant said he saw appellee's car when he was some 135 feet from the place where the collision occurred and that he thought appellee had stopped and he did not see a turn signal; that he proceeded at his same rate of speed after seeing her; and that when he noticed appellee turning in front of him he hit his brakes and swerved, pulling to the left, and the collision occurred at that point. There is testimony to which no objection was made that under similar conditions a heavy car was stopped in 37 feet 4 inches when traveling at a speed of 30 miles per hour. There is testimony showing 180 feet of "solid black" skid marks at the scene of the accident starting prior to the time of impact and continuing thereafter and that appellant's car stopped 195 feet from the point of impact.

Appellant urges as grounds for reversal that the damages are excessive and the result of passion and prejudice on the part of the jury; that the verdict is not sustained by the evidence; that the verdict is contrary to law; that there were errors of law at the time of the trial; and that there was error in giving instructions.

Because it could be dispositive of this case, consideration will first be given to the asserted proposition that the verdict is contrary to law. This contention is bottomed upon § 31–119, W.S.1957, which provides that the driver of a vehicle in an intersection shall upon turning left yield the right-of-way to any approaching vehicle which is "so close thereto as to constitute an immediate hazard." Appellant then proceeds by an argument, based upon what he considers the proper time and distance factors, to assert that he had only 3 to 4 seconds after observing appellee in her turn to avoid the accident. Cases are cited which hold, and he asserts the rule to be, when there is a period of only 2 to 4 seconds in which the defendant could avoid an accident that as a matter of law when approaching such an intersection and the

plaintiff makes such turn, plaintiff is contributorily negligent and the car within such distance is an immediate hazard as contemplated by the statute.[1] In considering time and distance arguments it is not amiss to mention that mathematical formulas in their application are only as accurate as the assumed facts. Appellant must proceed on these arguments based on some assumed speed and a two-year-old memory of the exact point where he first saw appellee's turning car. Illustrative of the uncertainty of such factors is the testimony of appellant on cross-examination that the indicated point where he first saw appellee *could have been* east of the point he had indicated and to which he had testified; that he had made what he called the "guess" on August 24, 1972—over a year and a half later. It is not improper to note the recognized vagaries and imperfections of the human mind and the difficulty of reconstructing such a sudden and traumatic event as an automobile accident, nor is it improbable to believe that a jury might consider these factors in weighing the testimony and determining its credibility. They alone must determine the weight of the evidence and credibility of the witnesses, Cimoli v. Greyhound Corporation, Wyo., 372 P.2d 170, 174. Proximate cause is ordinarily a question for the jury, Caillier v. City of Newcastle, Wyo., 423 P.2d 653, 655; Parkinson v. California Company, 10 Cir., 255 F.2d 265, 270. The jury had before it the testimony of witnesses and the physical facts. We are confident these facts and the time and distance formula were most fully and carefully argued to the jury under proper instructions.

The factual situation having been resolved against appellant, it is improper for this court to reconsider it, Neal v. Wailes, Wyo., 346 P.2d 132, 134. Appellants do not infrequently use the device of contending that contributory negligence is established as a matter of law for a reargument of the facts, hoping for a different determination than that of the fact finders.

Appellant strongly contends that appellee's failure to see his car bars her recovery because it was her duty to look and to see his approaching car and that the jury was properly instructed, citing Merback v. Blanchard, 56 Wyo. 286, 109 P.2d 49, 52; Galicich v. Oregon Short Line R. Co., 54 Wyo. 123, 87 P.2d 27, 33; and Ries v. Cheyenne Cab & Transfer Co., 53 Wyo. 104, 79 P.2d 468, 472. This is a mutual obligation, equally imposed upon the appellant to see the turn light and to observe that this car without stopping proceeded into a turn. It must be determined whether this breach was an act "which is a legally contributing cause, co-operating with the negligence of defendant in bringing about the plaintiff's harm," Cimoli v. Greyhound Corporation, supra, 372 P.2d, at 174; and this was also plaintiff's burden, Frazier v. Pokorny, Wyo., 349 P.2d 324, 330. This court has many times said that contributory negligence is not a matter of law except in the clearest of cases. This is true even when the evidence is undisputed "if different minds may fairly arrive at different conclusions," Templar v. Tongate, 71 Wyo. 148, 255 P.2d 223, 230; Cimoli v. Greyhound Corporation, supra; Ford Motor Company v. Arguello, Wyo., 382 P.2d 886, 892. There were unresolved questions of fact which must be left in the realm of the jury's decision and a directed verdict would not have been properly granted, Blackstone v. First Nat. Bank of Cody, 64 Wyo. 318, 192 P.2d 411, 414; Brown v. Wyoming Butane Gas Co., 66 Wyo. 67, 205 P.2d 116, 118, and cases cited.

Appellant urges that the court erred in giving an instruction on last clear chance, although it is conceded that this instruction properly stated the law. Appellant's principal contention to support this position is that under the facts herein based upon his time and distance computation a maximum of four seconds elapsed from the time appellant discovered appellee's peril until the time of collision and

---

1. For comments in regard to time period see Borzea v. Anselmi, 71 Wyo. 348, 258 P.2d 796, 803, cited later in the opinion.

argues that even five seconds would not give clear chance as required for such defense. This court has recognized that in a two-and-one-half-second interval the party "could, or should, have discovered the peril in which the plaintiff was," Borzea v. Anselmi, supra. Appellant cites the language in Flaim v. Berti, Wyo., 503 P.2d 863, 866, as authority for his contention that because of the short time interval between discovery of appellee's position and the accident the doctrine is inapplicable. The factual situation in Flaim distinguishes it from this case. There the evidence clearly showed, and plaintiff conceded, that defendant did not have time to avoid striking deceased after he swerved into his path. Taking into consideration appellant's opportunity to observe appellee being in his path, that there was no oncoming traffic, with the collision occurring at the north side of the 24-foot highway, there would be sound basis for a jury's finding that appellant might have avoided this accident; and it was proper to give this instruction upon the authority of Borzea.

■ The claim that the jury awarded such excessive damages that it appears to have been under the influence of passion and prejudice does not merit any discussion in depth. There are few rules so recognized or firmly established as this court's rule for consideration thereof. This is shortly set out in State Highway Commission v. Peters, Wyo., 416 P.2d 390, 391, as follows:

"* * * Before a duly returned verdict of a jury will be set aside as excessive, it must appear it is 'so' excessive as to denote passion, prejudice, bias, or some erroneous basis. * * *"

This is true even though this court should consider it excessive, it being a matter of determination by the jury. We cannot say that a judgment in the sum of $19,094.55, which necessarily must be reduced by $2000 for the reasons later appearing, either shocks the conscience of this court or does such amount appear to be so large as to have been awarded under the influence of passion and prejudice.

Appellee at the time of trial was a 34-year-old woman with two children and had been an ambitious and hardworking person. She was an athletic and active person in her personal life before the accident. There were proven items of $1494 for doctor and hospital bills and automobile loss. Her actual loss in wages at the time of trial was approximately $10,000, and the record shows she was not able to resume work at that time. She has had one operation for a herniated disc, was confined to the hospital in traction for nine days prior thereto, and remained seven days thereafter. She has been forced to wear a back brace for various periods and was placed in a complete body plaster cast for a short period, which did not correct her condition. She complains of radiating pain. Dr. Nastasi testified at the time of the trial there was a definite possibility of additional surgery. The jury observed appellee and heard her testimony. The pain and suffering from the injury itself must have been more apparent to them than it might be to this court or to the lawyers involved. This court cannot disturb the finding of the jury under these circumstances.

■ There is, however, a basis for the contention that a portion of the verdict is not sustained by the evidence. The jury, as a part of the verdict, answered the following interrogatories:

"What do you find for future medical bills? 1000.00.

"What do you find for future hospital bills? 1000.00."

There is no evidence of any character upon which these findings might be based. Damages cannot be proven by guess and speculation, Colorado Kenworth, Inc. v. Archie Meek Transportation Co., Wyo., 495 P.2d 1183, 1185, and cases cited therein. The judgment appears to have included these items and it must therefore be reduced in the sum of $2000.

Affirmed as modified.